## Starr *v.* McNeal, Appellant.

*Contracts—Arbitration agreements—Award—Assumpsit — Affidavits of defense—Insufficient averments.*

In an action upon an award of an arbitrator rendered under a submission, the terms of which provided that the parties should have no right of appeal, an affidavit of defense was insufficient to

prevent judgment which alleged that defendant did not intend to be bound individually, where it appeared that he signed the submission individually and also as president of a company, and that the arbitrator acted erroneously, in the absence of any precise averment of some misconduct on the part of the arbitrator which would be an abuse of his authority or some gross and palpable error in law which would vitiate his judgment.

Argued Feb. 15, 1916. Appeal, No. 399, Jan. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1915, No. 4993, for plaintiff for want of a sufficient affidavit of defense, in case of Charles E. Starr v. J. Hector McNeal. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit upon an award of arbitrators.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear in the following opinion by BARRATT, P. J., sur plaintiff's rule for judgment for want of a sufficient affidavit of defense:

The plaintiff sues to recover on the award of an arbitrator mutually chosen. The submission is dated March 20, 1915; the award was made on April 20, 1915.

The writ was issued on May 19th, the affidavit of defense was filed on June 3d. On June 18th, the plaintiff moved for judgment for want of a sufficient affidavit of defense, and this motion was set down for argument on June 28th, and other subsequent motion days, but was not argued until October 25th, on which day the defendant filed a supplemental affidavit of defense. On October 27th, the rule for judgment was made absolute.

The first affidavit of defense alleged, in substance, that the arbitrator had erred in two respects in interpreting the submission. The first error charged was that the defendant was held to be a party, and the second error that the arbitrator did not hold the submission to be limited to two particular points of controversy.

The supplemental affidavit repeats the first and adds

thereto the averment that on or about August 17, 1915, the arbitrator sent to the parties a paper called "Brief," which is, in effect, a belated opinion justifying the award. From this brief the affiant infers that the arbitrator acted erroneously and, therefore, was inspired by bias and prejudice.

Two questions are raised by these affidavits. The first is as to the meaning of the submission. The mere reading of it shows it to be plain and unambiguous. The defendant expressly names himself as a party, and the subject-matter to be discussed is of the utmost generality: "All outstanding claims of whatsoever nature made by Charles E. Starr against the Public Utilities Company and me, and the claims of the Public Utilities Company against Charles E. Starr," and this is signed by the defendant in these words: "J. H. McNeal individually and as president of Public Utilities Co."

The defendant's contention that he understood this to mean that the suit was not against him individually and did not include all matters in controversy, is obviously baseless, the remarkable feature being that a lawyer should have the hardihood to advance it.

The other contention based on the arbitrator's "brief" has no greater value. The submission is absolute, "all parties to abide by your decision with no right of appeal."

Even if the arbitrator erred in law or in fact, the provision is nevertheless binding. Every one knows that human beings are liable to err, and the parties to this submission knew it and agreed to take the risk. The defendant especially would have little right to complain. The arbitrator was a near relative of his, and his training as a lawyer gave him special knowledge of the fact that, in all civilized countries, courts of errors and appeals sit continuously to correct the multifarious errors committed by courts of first instance.

In order to set aside the award it would have been necessary to aver with definiteness and precision either some

misconduct on the part of the arbitrator which would be an abuse of his authority, or some gross and palpable error in law which would vitiate his judgment at its root.    The first the defendant did not even attempt; the second he attempted by a cynical misinterpretation of his own instrument of submission, he being himself a lawyer and acting under the advice of one of the ablest and most learned members of our bar in the making of it.

It is proper to add that this gentleman did not appear for the defense, but that the latter has been conducted by other attorneys.

The court made the rule absolute and assessed damages for $7,219.87.    Defendant appealed.

*Error assigned* was in making absolute the rule for judgment for want of a sufficient affidavit of defense.

*F. B. Bracken,* for appellant.

*James Gay Gordon,* for appellee.

PER CURIAM, March 20, 1916:

This action is upon an award of an arbitrator under a common law submission.    The terms of submission, signed by the appellant, are plain and unambiguous, and, as the arbitrator clearly acted within the scope of the authority committed to him, his award is "with no right of appeal" in the appellant.    The averments in his affidavit of defense are unavailing to defeat the appellee's right to recover.    The judgment is, therefore, affirmed.