(No. 26973.—
EDWARD MOHLER *et al.,* Appellees, *vs.* E. C. WESNER, Appellant.

*Opinion filed January 19, 1943—Rehearing denied March 15, 1943.*

PARKER & Cox, and M. E. Cox, for appellant.

CHARLES E. JONES, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Catherine M. Reinoehl, a resident of Crawford county, died testate on June 22, 1940. Her last will and testament was admitted to probate in the county court. By her will, the testatrix devised and bequeathed all her property to E. C. Wesner, as trustee, and empowered him to manage, control, collect, sue for, sell and convey the property as he deemed proper and to invest and reinvest the *corpus* of the

trust at his discretion. After deducting the costs, taxes, expenses and charges of the trust estate, the trustee was directed to pay to Edward Mohler, nephew of the testatrix, forty per cent of the income during his life and to pay to each of his children, Harvey, George, Paul and Ruth Mohler, ten per cent of the income during the life of Edward Mohler and until Ruth Mohler attains the age of twenty-one years. The will provided further that in the event of the death of any of Edward Mohler's children during the term of the trust, his or her part shall go to his or her heirs, during the remainder of the term. Upon the death of Edward Mohler, during the term of the trust, the testatrix provided that his children shall each receive twenty per cent of the balance of the income. Upon the death of Edward Mohler and the attainment of the age of twenty-one years by his daughter, Ruth, whichever be the latest, it was provided that upon the happening of both events, "said trustee shall make distribution within one year of whatever remains of my said estate, equally between the said Harvey Mohler, George Mohler, Paul Mohler and Ruth Mohler, provided, however, that if any of them should have died during the term of this trust, then and in that event, the part given to such one who has departed this life shall go to his or her heirs-at-law, as of the date of the termination of this trust." Wesner, also named as executor, has assumed his duties as trustee. Paul Mohler has died, leaving his father Edward, and his brothers, George and Harvey, and his sister, now Ruth Mohler Herman, as his only heirs-at-law. Ruth Herman has attained the age of twenty-one years. October 10, 1941, Edward Mohler addressed a communication, in the nature of a verified waiver, to Wesner, as trustee, announcing that he waived all his rights under the will, "and to any and all payments which might become due to me under said will, and you are authorized to make distribution of all of said trust estate among the ones entitled thereto, as provided

for in said will, the same as though I had died." The document concluded, "I hereby waive all claims to any part of said trust estate or the incomes therefrom and in event distribution of said trust estate is made among those entitled thereto, I hereby release you from any claims whatsoever as far as my rights in said trust estate is concerned."

October 30, 1941, the plaintiffs, Edward, George and Harvey Mohler, and Ruth M. Herman, filed their complaint in the circuit court of Crawford county, alleging that they constituted all the parties interested in the trust estate; that each of them was more than twenty-one years of age, under no legal restraint or restriction; that they were all the heirs of Paul Mohler, deceased; that Ruth M. Herman has attained the age of twenty-one years, and that since Edward Mohler has waived his claims to any of the income from the trust property and has consented to its distribution among the three persons entitled thereto, free from any claims on his part, the same as though he had died, the further continuance of the trust and the necessity therefor have ceased. The relief sought was an accounting by the trustee, a termination of the trust, and a decree directing defendant, as trustee, to make distribution of the trust property in his hands among the plaintiffs entitled thereto according to the will of Catherine M. Reinoehl. Defendant's motion to dismiss the complaint was overruled. By his answer, defendant denied that plaintiffs were all the parties in interest, averring that he was vitally interested in the property, the legal title vesting in him, subject to its control and distribution under the will. Answering further, defendant averred that the trust created was an active trust rather than a passive or dry trust; that the testatrix left considerable real estate and personal property requiring care, supervision and attention of some competent person, and that the testatrix having designated him trustee he was entitled to protection by the court in the performance of his duties. Defendant asserted that under the will

the trust could not be terminated because the title to all the property never was and is not now vested in plaintiffs or either or any of them, but that twenty per cent of the *corpus* of the trust is legally and rightfully in his hands, as trustee, and must remain so until both contingencies contained in the will have occurred; that the second has not happened since Edward Mohler is still living, and thus twenty per cent of the estate was removed by the testatrix herself, as she had a right to do, from the operation of any act of plaintiffs, and that the trust cannot be terminated as sought by plaintiffs until the property is all vested in them and nothing else remains to be done in the trust. Finally, defendant averred that the trust created by the will is a spendthrift trust. Plaintiffs' motion to strike the answer was sustained, defendant elected to abide by his pleading and a decree was entered ordering an accounting by defendant, as trustee, terminating the trust and directing the trustee to make distribution of all the trust funds to plaintiffs George and Harvey Mohler and Ruth M. Herman, according to their respective interests as provided in the will. Defendant has prosecuted a direct appeal to this court, a freehold being necessarily involved.

To obtain a reversal of the decree, defendant makes the contention, among others, that the will created a spendthrift trust. It is true, as contended, that it is unnecessary to the creation of a spendthrift trust that the *cestui que trust* be denominated a spendthrift or that the testator assign his reasons for creating the trust, or that the will contain all restrictions and qualifications incident to the trust. On the other hand, it is usual in such trusts to find a provision against alienation of the trust fund by the voluntary act of the beneficiary, or *in invitum* by his creditors. (*Wagner* v. *Wagner,* 244 Ill. 101; *Bennett* v. *Bennett,* 217 id. 434.) Here, the will contains no expression, express or implied, to the effect that the trust created is a spendthrift trust. In the absence of specific language de-

claring the trust a spendthrift trust or language from which such an intent might reasonably be inferred, there is no basis for the contention that the testatrix created, or intended to create, a spendthrift trust.

The decisive question presented is whether the circuit court had the power to terminate the trust created by the will of Catherine Reinoehl. Plaintiffs invoke the familiar rule that where all the parties are capable of acting, they can compel the termination of a trust although its purposes have not been fully accomplished. (*Sutliff* v. *Aydelott,* 373 Ill. 633; *Botzum* v. *Havana National Bank,* 367 id. 539; *Burton* v. *Boren,* 308 id. 440.) It is equally well established that where there are contingent interests in the trust which cannot be determined until the happening of certain designated events, or where the interests of minors are involved, or where a beneficiary objects, the trust will not be terminated. In short, trusts will not be terminated by agreement of the parties except in cases where the design and object of the trust have been practically accomplished and all the interests created by it have become vested. (*Hubbard* v. *Buddemeier,* 328 Ill. 76; *Anderson* v. *Williams,* 262 id. 308.) When the object of a trust has not been attained, as where it is to pay the income to the beneficiaries until they reach a certain age, the beneficiaries have no right to terminate it before such time. (*Kendall* v. *Gleason,* 152 Mass. 457.) Again, a trust can not be terminated by the beneficiaries *in esse* so long as there is a possibility of other beneficiaries coming into existence. (*Wenzel* v. *Powder,* 100 Md. 36.) It has been well said: "Wherever the courts are called on to terminate a trust they will be careful not to evade any object of the trustor apparent from his declaration of the purposes of the trust." (26 R. C. L., Trusts, sec. 54.) Professor Bogert in his treatise on "Trusts and Trustees," volume 4, section 1002, says: "Often contingent *cestuis* have interests under the trust, and the court will not allow the *cestuis* with

vested interests to shut out the existing or possible future contingent *cestuis* by procuring a court decree for termination and for distribution among the present holders of vested interests. This is the case where a class of persons are contingent *cestuis* and there is no valid consent for them, either because of the lack of a court-appointed representative or the lack of living members of the class who could represent possible future members of the group."

Recourse to the will discloses a carefully devised plan on the part of the testatrix to provide an income for her nephew so long as he lives and for the retention of the *corpus* of the trust estate until this objective has been accomplished. When all the provisions of her will concerning the trust are considered, the conclusion is inescapable that she was attempting to conserve the principal of the trust until the two specified conditions have been satisfied, namely, the attainment of her twenty-first birthday by Ruth M. Herman and the death of Edward Mohler. The second condition has not been met. The contention that Edward Mohler's waiver of the right to receive forty per cent of the income from the trust estate is tantamount to his death and, therefore, equally as effective as his death to extinguish the life of the trust is untenable. The provision with respect to the disposition of the portion of the trust estate otherwise going to Harvey, George and Paul Mohler and Ruth M. Herman discloses that there are contingent interests in the trust which cannot be determined until the actual death of Edward Mohler. To illustrate, one of the beneficiaries, Paul Mohler, is dead. His share of the estate, upon its termination, goes not to his present heirs-at-law, namely, his father, his two brothers and sister, but to those persons who may be his heirs-at-law when Edward Mohler, his father, dies. By way of further illustration, in the event one of the three living beneficiaries, George Mohler, Harvey Mohler or Ruth M. Herman, dies prior to their father, his or her share in the *corpus* of the trust goes to

those persons who are their heirs, not when they die, but to those persons who happen to be their heirs-at-law upon the death of Edward Mohler. It simply is not presently possible to determine to whom any part of the trust property will eventually go. Manifestly, it cannot be said that the design and object of the trust created by Catherine Reinoehl will be accomplished by distribution of the trust estate to George Mohler, Harvey Mohler and Ruth M. Herman at this time. It may well be that upon the death of their father no one of these three persons will be living and, hence, not entitled to any share of the property. It follows necessarily that distribution of the trust estate cannot now be made to the three living children of Edward Mohler, according to the decree, "as provided in the will of Catherine M. Reinoehl, deceased," and that the trustee cannot comply with such an order.

For reasons best known to herself, the testatrix saw fit to provide an income for her nephew and to designate as the ultimate beneficiaries of her estate her nephew's children, or in the event any one or more of his children predeceased him, then their heirs-at-law at the time of the termination of the trust. The validity of this provision is not assailed, and it is the duty of the courts to render it effective and to not frustrate the clearly expressed intention of the testatrix. The purposes of the trust have not been substantially satisfied; there are contingent interests in the trust fund, and a present determination of the ultimate beneficiaries would be sheer speculation.

The decree of the circuit court is reversed and the cause is remanded, with directions to dismiss plaintiffs' complaint for the want of equity.

*Reversed and remanded, with directions.*