(No. 30902.—

ETHEL S. ALTEMEIER *et al.*, Appellees, *vs.* CLARE WINGER HARRIS *et al.*, Appellants.

*Opinion filed May 19, 1949.*

346

SIDLEY, AUSTIN, BURGESS & HARPER, ECKERT & ECK-
ERT, CHARLES O. RUNDALL, and HORACE A. YOUNG, (KEN-
NETH F. BURGESS, WILLIAM H. AVERY, JR., WALTER J.
CUMMINGS, JR., and ROBERT P. ECKERT, JR., of counsel,)
all of Chicago, for appellants.

FRANKLIN J. STRANSKY, of Chicago, for certain ap-
pelles; ROBERT J. SCHMELZLE, guardian *ad litem,* and
EVERETT E. LAUGHLIN, trustee, both of Freeport, for other
appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Clare Winger Harris, a grandchild, and other grand-
children, and Clyde Winger Harris, a great-grandchild, and
other great-grandchildren, and Donald Lynn Harris, a
great-great grandchild, and other great-great grandchildren
of Daniel C. Stover, deceased, filed a petition in the circuit
court of Stephenson County to have a family compromise
and settlement agreement, which substantially changed the
terms of the trust created by the last will and testament
of Daniel C. Stover, ratified and confirmed by the court,
and a decree was entered in accordance with the prayer.
The case was appealed to the Appellate Court for the Second
District by Ethel S. Altemeier and others, trustees under
the last will of Daniel C. Stover, deceased, and the circuit
court was reversed and the cause remanded with directions,
which would result in the setting aside and the vacation of
said circuit court decree.

On May 7, 1906, Daniel C. Stover made and executed
his last will and testament, and on June 19, 1906, executed
a codicil thereto. He died January 17, 1908, and the will
and codicil were probated February 17, 1908. In 1909
the heirs of Daniel C. Stover filed a will contest alleging
that the will was executed through undue influence, and
that at the time he executed it the said Daniel C. Stover

was not of sound and disposing mind and memory. The case was tried before a jury and the will sustained, and a decree of the court entered in accordance with the verdict of the jury sustaining the will. In 1923 the trustees named in the will filed their bill to construe the same, which proceeding ultimately came to this court and was decided, and reported in *Smith* v. *Thomas,* 317 Ill. 150. At the end of the will contest the decree entered, upholding the will, contained the following: "that all parties to this suit, both adults and minors, and all persons claiming or to claim by, through or under them, or either of them, are hereby forever precluded from attacking the validity of said Will and Codicil, or either of them."

At the conclusion of the will-construction case, above mentioned, the court entered a decree which declared it was the duty of the trustees to accumulate the income in the manner provided in the will of Daniel C. Stover for and during the lives of the testator's widow and two children, and the lives of the survivors of the same, and for and during twenty-one years after the death of the last survivor. It also decreed there was no violation of the Illinois statute against accumulations. In the will-construction case all of the grandchildren were of legal age and represented by counsel. The decree in that case was affirmed by the Supreme Court in the case of *Smith* v. *Thomas,* mentioned above.

In February, 1944, May Stover Winger Thomas, daughter of Daniel C. Stover, died, leaving her surviving Clare Winger Harris and Carl Stover Winger, her children, as well as several grandchildren and great-grandchildren, who are all parties plaintiff to this petition. In April, 1944, the trustees filed another complaint to construe the will of Daniel C. Stover, apparently overlooking the decree entered in 1923, and while that suit was pending the son, Porter S. Stover, died on January 18, 1946, leaving surviving

Gladys Stover Lyon and Margaret Stover Foster Howard, his children, as well as grandchildren and great-grand-children, all of whom are parties to this suit.

Both of the children of Daniel C. Stover died before the decree was entered confirming the family settlement. A guardian *ad litem* was appointed for the minor parties in interest, and a trustee appointed for the unborn lineal descendants of Daniel C. Stover. Issues were made and a decree entered which, within thirty days of its entry, was vacated, and shortly thereafter, January 28, 1947, the adult defendants filed a petition in said cause, alleging that they, together with the guardian *ad litem* of the infant parties in interest, and the trustee for the unborn lineal descendants of Daniel C. Stover, had agreed upon a family settlement of all matters in dispute arising under a proper construction of the will. This agreement was in writing and was signed by all adults, and was made and entered into after the death of the two children and the wife of Daniel C. Stover. This family settlment was approved by the decree of the circuit court, and the guardian *ad litem* of the minor parties in interest, and the trustee of the unborn lineal descendants of Daniel C. Stover was directed to execute said contract, and a decree was entered that the will and trust created by the will of Daniel C. Stover was modified so as to conform to the terms of said family agreement.

The changes in the method of distribution of the income of the trust created by said last will and testament were substantial, and the trustees under the will appealed to the Appellate Court, which reversed the cause with directions. We have allowed an appeal to this court in this cause for the purpose of reviewing the extent to which a family-settlement agreement may change the provisions of a will, especially when the corpus of the estate is placed in the hands of trustees with active duties, and where the ultimate beneficiaries at the time of the entering of the

decree are either unknown or uncertain, and where there has been previous litigation upon which decrees have been entered concerning the validity and meaning of the will.

The main facts, the terms of the will, and the details of the previous litigation are clearly and adequately set forth in the opinion of the Appellate Court, reported in 335 Ill. App., at pages 130 to 145, inclusive, reference to which is hereby had, and need not be further recited, except in so far as the application of the principles herein announced may affect the same.

For the purpose of arriving at the correct result in this case it is necessary not only to consider the cases in this State, determining the rights of heirs or beneficiaries to modify the terms of a will by a family-settlement agreement, but also to determine and decide what limitation, if any, there is upon the general doctrine announced in these cases, so far as they may be affected by an active trust created by a will, the time of bringing the proceeding, as well as the effect of any previous litigation affecting the same subject matter. For a proper determination of this cause it is necessary to consider these different elements because they are present in the case, and their effect upon the modification of a will through the application of the family-settlement rule has never been directly passed upon by this court.

It frequently happens that a certain equitable principle may be well established as applied to a given state of facts but will not control when additional facts would produce a situation which would make its application contravene other settled rules of law. Yet, when a case arises in which there are facts present that require the application of different principles, it is the duty of the court to be cautious, and to be careful not to render a decision which may be favorable to the parties at the expense of disturbing settled principles. In the instant case we have a will which provides for the vesting of title to the entire estate in trus-

tees; the testator's children and his surviving wife were given certain income for life but no interest in the corpus of the estate; after the death of the survivor of these three life beneficiaries a limited amount is provided to be given to the children during an accumulation period of twenty-one years after the death of the survivor of the three life annuitants. In addition to the general trust for accumulation there are spendthrift provisions for the protection of the beneficiaries until the distribution period has ended, and there is also the feature that until the distribution period arrives it is uncertain to whom the *corpus* of the trust will be distributed; and these facts appear in a proceeding commenced forty years after the probate of, and decree confirming, the will, and twenty-five years after the construction given to said will by a decree of the circuit court, affirmed in the Supreme Court.

To determine the correct result in a case involving all of these principles requires a consideration of each separate rule or principle applying to different features of the will, together with the modifying effect, if any, each has upon the other. The appellants rely entirely upon the application of the family-settlement doctrine, which has been before this court on several occasions. That doctrine is well settled in *Wolf* v. *Uhlemann,* 325 Ill. 165, where we said: "Undoubtedly, the members of a family are not privileged to alter the terms and provisions of a will merely for the convenience of the family or for the sole purpose of securing greater individual financial advantages than those specified in the will and intended by the testator. However, the rule is well established that courts of equity favor the settlement of disputes among members of a family by agreement rather than by resort to law. Where there is a reasonable or substantial basis for the belief or assurance that prolonged and expensive litigation will result over the proceeds or distribution of an estate, that the estate will be materially depleted and that the family relationship

will be torn asunder, the parties interested therein are warranted in preventing such *bona fide* family controversy by a settlement agreement. Obviously such an agreement must be impartial in every respect and must be obtained without fraud or deception."

Substantially the same rule has been announced in *Pool* v. *Docker*, 92 Ill. 501; *Hall* v. *Hall*, 125 Ill. 95; *McDole* v. *Kingsley*, 163 Ill. 433; *Cole* v. *Cole*, 292 Ill. 154; *Anderson* v. *Anderson*, 380 Ill. 488, so we may assume that this general principle is well settled. However, it appears from the above rule that a family-settlement agreement may not change the terms of a will for the sole purpose of obtaining individual financial advantage, and that there must exist a reasonable belief that prolonged litigation will result, and the estate be depleted unless the settlement is ratified. We will discuss this feature of the present case later.

It is observed that in every one of the cases just cited, wherein the family-settlement doctrine is announced, no trust existed, and no contingent beneficiaries were interested, and no spendthrift provisions changed or set aside. Each of these cases presented the fact of a simple will devising property directly to the beneficiaries in which they unanimously reached an agreement to a different manner of distribution than provided in the will, to avoid litigation and family strife, which, when approved by the court, modified the will. In the case of *Wolf* v. *Uhlemann*, 325 Ill. 165, while a trust for accumulation was created by the will, yet the court reached its conclusion largely by reason of the extremely doubtful meaning of the will and the threatened litigation, together with a unanimous agreement to a family settlement. There was no discussion of the power to terminate a spendthrift trust or of the effect of a family agreement on contingent interests. In the present case a trust was created, and the title to all of the property placed in the trustees. Specific directions were given to the trustees

for the payment of income to the life beneficiaries, and the amount that may be paid to the grandchildren, after the death of all of the life tenants; and a further provision for the division among the ultimate beneficiaries of all of the accumulations at a period twenty-one years after the death of the last survivor of the life tenants. The provisions of the will also undoubtedly created a spendthrift trust because of the direction to make payments for living expenses and support. *Geiger* v. *Geer,* 395 Ill. 367; *Steib* v. *Whitehead,* 111 Ill. 247; Griswold on Spendthrift Trusts, 2d ed. p. 590; *Rose* v. *Southern Michigan Nat. Bank,* 255 Mich. 275, 238 N.W. 284.

Settled rules apply to the administration of trusts, and, where all of the persons are of age and *sui juris* and no principle of law is violated, the trust may generally be terminated if all of the *cestuis que trustent* consent. (*Botzum* v. *Havana Nat. Bank,* 367 Ill. 539.) It has likewise been held by this court that where the trust makes provision for distribution to contingent beneficiaries, or upon uncertain contingencies, the trust may not be terminated even by the unanimous consent of all of the beneficiaries, or the prospective beneficiaries, before the time fixed by the terms of the trust. (*Anderson* v. *Williams,* 262 Ill. 308; 2 Perry on Trusts, sec. 920.) Other States passing upon the question have held that beneficiaries under a will cannot agree to modify or destroy a trust provision therein under the family-settlement doctrine. (*Madden* v. *Shallenberger,* 121 Ohio St. 401, 169 N.E. 450; *Rice's Will,* 150 Wis. 401, 136 N.W. 956.) Likewise, the rule is clear that a spendthrift trust may not be destroyed or terminated by the unanimous consent of the beneficiaries. *Bennett* v. *Bennett,* 217 Ill. 434; *Wagner* v. *Wagner,* 244 Ill. 101; *Anderson* v. *Williams,* 262 Ill. 308; *Stewart's Estate,* 253 Pa. 98, 98 Atl. 569.

And, shifting from the particular to the general, we have repeatedly held that trusts cannot be terminated by

agreement of the beneficiaries except in cases where the object of the trust has been practically accomplished, and all the interests created by it have become vested. (*Hubbard* v. *Buddemeier,* 328 Ill. 76; *Anderson* v. *Williams,* 262 Ill. 308; *Johnston* v. *Gastman,* 291 Ill. 516; *Hills* v. *Travellers Bank and Trust Co.* 125 Conn. 640, 7 Atl. (2) 652, (note) 123 A.L.R. 1436.) These principles are well settled, and the general family-settlement rule has never been applied in this State where the result would be to permit the determination of a trust under the instances enumerated.

The will-construction case here filed in 1923 resulted in a decree holding that the accumulation provision in the will was valid, and the provisions of the decree of the circuit court were, in all respects, confirmed. That decree, among other things, provided: "It is the duty of said trustees and their successors in trust to accumulate the income in the manner provided for in said Will, for and during the lives of testator's two children, and the life of the survivor of the same and for and during the term of twenty-one years after the death of the last survivor." At the time that suit was entered and the decree therein rendered, all of the grandchildren were made parties and were of legal age and represented by counsel, and, therefore, under the familiar principle of virtual representation, the rights of those taking through or under the grandchildren would be foreclosed by the decree against such grandchildren. (*Hale* v. *Hale,* 146 Ill. 227; *Longworth* v. *Duff,* 297 Ill. 479; *Gunnell* v. *Palmer,* 370 Ill. 206.) In commenting upon the extent of the rule of representation, in the last-cited case we said: "This court has held, in chancery cases, that the doctrine of representation must have the flexibility born of convenience and necessity, and that if the interests of unborn contingent remaindermen are sufficiently represented so they can be protected by the court, the prerequisites for application of the doctrine are

satisfied. [Citations] In accord with this view we have said that when the court has jurisdiction of the first person in being who has an estate of inheritance and of those claiming prior interests, a decree binding the interests of contingent remaindermen may be entered."

Under the law as it stood in 1923, the great-grandchildren and great-great-grandchildren then unborn were bound by the decree in that case on the ground of class representation. (*Hale* v. *Hale,* 146 Ill. 227; *Whittaker* v. *Porter,* 321 Ill. 368; *Cary* v. *Cary,* 309 Ill. 330.) Such being the case, all of the appellants are estopped from attacking the validity of the provisions of the will on any ground, regardless of whether or not said ground was raised in the proceedings prior to the decree. In other words, all that was decided or could have been decided in the proceedings of 1923 is terminated and closed. *Lee* v. *Hansberry,* 372 Ill. 369; *Webb* v. *Gilbert,* 357 Ill. 340; *Barry* v. *Commonwealth Edison Co.* 374 Ill. 473.

Turning to some of the provisions of the will, we observe that the family settlement makes substantial changes in the disposition of the property. The intent of the testator, as disclosed in paragraph 4 of his will, was that the payments of income of the trust to his children and grandchildren, respectively, were limited to the amounts reasonably necessary, in the case of his children, for living expenses and to or for their support, and this provision is disregarded and superseded by the family-settlement agreement, which provided for the distribution of seventy-five per cent of the net income of the trust before the payment of Federal income taxes, one half of which is to be distributed *per stirpes* to the currently proximate descendants of the May Stover branch of the family, and the other half being to the currently proximate descendants of the Porter Stover branch. The spendthrift provision with respect to the support of his grandchildren or their descendants is absolutely abrogated.

Also, the provision for accumulation is radically changed, whereas all, except the amount allowed for the support of the grandchildren, was to be accumulated and distributed twenty-one years after the death of the last survivor of the children and widow, instead of which seventy-five per cent of the income will be distributed before paying income tax, which will diminish the amount that would be accumulated during the time of the duration of the trust, and thus possibly injure the descendants *per stirpes,* then entitled to take under the will. The settlement is also at variance with the provision of the decree of the circuit court of Stephenson County entered in 1923 and approved by the Supreme Court, holding that the accumulation provisions of the will were valid and enforcible.

We have thus enumerated a number of principles applicable to the will and the litigation in this case, because none of them were adverted to or mentioned in the family-settlement cases. Nor is there any indication, in the family-settlement cases, that, were the conditions thus enumerated present, the result would have been the same. In view of the foregoing, we are of the opinion that the object and purpose of a trust created by a will cannot be varied or terminated unless the purpose of the trust is accomplished, nor can such a trust be terminated by unanimous consent where it contains spendthrift provisions or where contingent interests cannot be definitely ascertained. All three of these conditions exist in the instant case. The purpose of the trust, as held in *Smith* v. *Thomas,* 317 Ill. 150, definitely established the validity and propriety of the accumulation provisions of this will, and the family agreement would thus terminate the trust before its purpose had been accomplished. Likewise, the spendthrift provisions made for the benefit of the grandchildren would be eliminated, and in place thereof a percentage of the income given them, and the remainder of the percentage given to the descendants

of the grandchildren in proportions fixed in the family-settlement agreement approved by the decree.

We have thus considered the law pertaining to trusts in general and their termination because of the necessity of our considering all of the rules governing the termination of trusts and not alone those provisions which affect the terminations of the provisions of a will where no trust is involved. We do not believe it would be proper, even though it would be highly beneficial to all of the beneficiaries, to make provision with respect to the termination of a trust where a family may be benefited thereby, without any substantial basis other than the supposed benefit to the persons immediately favored.

The Appellate Court decided the case principally upon the proposition of the failure of the appellants to establish that they come within the principles of the family-settlement doctrine, and of *res judicata*. We think the Appellate Court was entirely correct in its finding that the proof failed to establish the right to a decree approving the family settlement, because of failure to prove those things that are required under the rule. In the first place, there must be a reasonable and substantial basis for the belief that a prolonged and extensive litigation will result over the distribution of the estate. In view of the fact that the will contest concluded with a decree binding all of the parties to the suit, and all persons claiming under them, in view of the decree construing the will, approved by the Supreme Court, and in view of the general principles set out herein regarding the termination of trusts, there could not be any reasonable ground that such litigation could be successful.

Neither do we believe there was any doubt as to the construction of the will after the decision of this court rendered in *Smith* v. *Thomas*, 317 Ill. 150. In the *Uhlemann case* we said, among other things: "Undoubtedly, the members of a family are not privileged to alter the terms and provisions of a will merely for the convenience of the

family or for the sole purpose of securing greater individual financial advantages than those specified in the will and intended by the testator." It seems quite clear that this is the underlying motive in the present case. Under the will the grandchildren would receive certain amounts, in the discretion of the trustees, for their support. The great-grandchildren and other remote descendants would receive nothing. Under the settlement the accumulation would practically disappear, since the contract provides for a seventy-five per cent distribution before the payment of income taxes, and, with an estate of two and one-half million dollars, we take judicial notice of the fact that the income tax may be very large, and the corpus of the estate may be depleted in order to make the tax payments.

We are fully in accord with the decision of the Appellate Court that the appellants have not brought themselves into a position where they can take advantage of the family-settlement doctrine; and are further of the opinion the Appellate Court was correct in the application of the *res judicata* effect of the former decree construing the will of Daniel C. Stover.

In addition to the foregoing, we have announced the rules prohibiting the terminations of trusts where special considerations bring the case beyond the scope of the family-settlement doctrine. This litigation has been going on for forty years, and twenty-five years after a clear-cut decision of this court as to the construction of the will of Daniel C. Stover. Merely because there is a large amount of property in the hands of trustees, and the present interests of the Daniel C. Stover descendants would be materially benefited by the approval of the decree of the circuit court presents no ground for unsettling the established principles of equity jurisdiction, which would undoubtedly occur were we to terminate the trust created by the last will and testament of Daniel C. Stover without giving them due consideration.

In conclusion, it is stated that the petition filed by appellants was in the nature of a bill of review. This so-called bill of review does not point out in what respect the original decree construing the will was erroneous; nor has it shown any ground as to why it should be set aside as being procured by fraud or misrepresentation. As a bill of review, it was not filed within the time allowed by law, *viz.*, within the time allowed for perfecting an appeal or suing out a writ of error. *Knaus* v. *Chicago Title and Trust Co.* 365 Ill. 588.

We are of the opinion the decree of the circuit court of Stephenson County was erroneous, and that the judgment of the Appellate Court for the Second District in reversing said cause was correct, and it is accordingly affirmed.

*Judgment affirmed.*