*In re* ESTATE OF VIRGINIA THATCHER MORGAN, Deceased.—(JOHN ALDEN MORGAN, Ex'r of the Will of Virginia Thatcher Morgan, Petitioner-Appellant, *v.* CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Trustee, *et al.*, Respondents-Appellees.)—*In re* ESTATE OF DOROTHY O. THATCHER, a/k/a Agnes O. Thatcher, Deceased.—(CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Trustee, Petitioner-Appellee, *v.* JOHN A. MORGAN, Successor Ex'r of the Will of Dorothy O. Thatcher, a/k/a Agnes O. Thatcher, Respondent-Appellant.)

First District (4th Division)   Nos. 78-497, 78-498 cons.

Opinion filed August 2, 1979.

Edward U. Notz, of Chicago, for appellant.

Thomas J. Godfrey and William M. Gerek, both of Chicago, for appellee Continental Illinois National Bank and Trust Company of Chicago.

Thomas S. Chuhak, of Chicago, for appellee, *pro se.*

Mr. JUSTICE LINN delivered the opinion of the court:

This is an appeal by John Alden Morgan, the executor of the estate of Virginia Thatcher Morgan, deceased, from an order of the probate division of the circuit court of Cook County. The order denied the executor leave to disclaim the decedent's interest in the estate of her mother, Dorothy O. Thatcher, pursuant to the amended disclaimer provision of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 2—7). The issues on appeal involve a construction of the disclaimer provision and its application to the facts of this case.

We affirm the decision of the trial court.

Dorothy O. Thatcher died testate on April 7, 1977. Her will, dated February 15, 1967, was admitted to probate on May 2, 1977. In her will, Mrs. Thatcher named her daughter, Virginia Thatcher Morgan, executor and the residuary beneficiary of her entire estate. The will also provided that if Mrs. Morgan should predecease her mother, Mrs. Morgan's daughters, Pamela A. Johnson and Diana M. Senior, were to take as equal beneficiaries under their grandmother's will.

Approximately three months after her mother's death, on July 31, 1977, Virginia Thatcher Morgan died testate. Her will, dated October 24, 1972, was admitted to probate on August 11, 1977. Mrs. Morgan's husband, John Alden Morgan, was appointed executor of his wife's estate

and succeeded his wife as the executor of the Thatcher estate. Mrs. Morgan left her personal and household belongings to her husband; however, Mr. Morgan has disclaimed any interest in his wife's estate, and his interest in Mrs. Morgan's personal effects has succeeded to her two daughters.

The Continental Illinois National Bank and Trust Company of Chicago, as trustee under a trust hereafter called the Morgan trust, was named as beneficiary of the residuary Morgan estate. The Morgan trust currently holds $154,000, the proceeds of an insurance policy on the life of Mrs. Morgan, and term and whole life insurance policies on the life of John Alden Morgan in the face amount of $250,000 upon which the trustee is authorized to continue premium payments. The Morgan trust agreement provides in substance that after the death of Mrs. Morgan's husband, the trust property will be held in separate trusts for the benefit of Mrs. Morgan's two daughters during their lifetimes, and on their respective deaths will be held in trust for their surviving descendants or distributed among Mrs. Morgan's descendants.

During each daughter's life, the trustee has discretion to use the income from the trust for her benefit or that of her descendants. The trustee may also use the principal of each daughter's trust for her support or best interest, but subject to the limitation that the aggregate distributions to a daughter during her lifetime for purposes other than support shall not exceed 25 percent of the value of the trust. Neither daughter is given any right to withdraw principal from the trust. On each daughter's death, her share is to be held in trust for her descendants with distribution to be made *per stirpes*, except to the extent that the daughter exercises a testamentary power of appointment to appoint the trust principal among Mrs. Morgan's descendants. If a daughter dies without exercising her power of appointment her trust is to be held in trust for her living descendants, if any, or to be distributed among Mrs. Morgan's living descendants, *per stirpes*. At the time of her death, Mrs. Morgan's living descendants were her daughters and three grandchildren, the children of Diana M. Senior.

On November 9, 1977, the executor, pursuant to the amended disclaimer provision of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 2—7), petitioned the trial court for leave to disclaim the interest of Mrs. Morgan in the Thatcher estate. John Alden Morgan, individually and as executor of the Morgan and Thatcher estates, Pamela A. Johnson, Diana M. Senior and her husband, Richard J. L. Senior, all consented to the filing of the petition to disclaim. The effect of the disclaimer, if allowed, would be to pass property in the amount of approximately $160,000, which would otherwise go to the Morgan trust from the Thatcher estate, directly to Mrs. Morgan's daughters, Pamela and Diana.

This would reduce the Morgan estate to a value of approximately $85,000. The parties do not dispute that the disclaimer would also reduce Illinois and Federal estate taxes payable on the Morgan estate.

The trial court initially granted the executor's petition for leave to disclaim and allowed the disclaimer on November 9, 1977. Subsequently, the trustee under the Morgan trust petitioned to vacate the order granting leave to disclaim. Although the trustee had been served with notice of the petition to disclaim, the notice had not been brought to the attention of the appropriate trust officer until after the November 9 hearing.

On December 15, 1977, the trial court vacated its previous order and appointed a guardian ad litem to represent the interests of the contingent beneficiaries of the Morgan trust—the minor children and unborn descendants of Mrs. Morgan's daughters. The guardian ad litem joins the trustee in opposing the disclaimer.

After considering memoranda filed by the interested parties, the trial court, on December 29, 1977, entered an order denying the executor's petition for leave to disclaim based on its finding that the disclaimer would frustrate the testamentary plan of Mrs. Morgan. The executor appeals from that order.

Opinion

In Illinois the right of an executor to disclaim an interest which his decedent had in the estate of another is provided for by statute. In pertinent part, section 2—7(a) of the Probate Act of 1975, as amended in 1977, states:

> "An heir, legatee, person succeeding to a disclaimed interest, beneficiary under a will or person designated to take pursuant to a power of appointment exercised by a will may disclaim in whole or in part the succession to any real or personal property or interest therein by filing a written disclaimer within the time and at the place provided in this Section. A disclaimer may be of a fractional share or of any limited interest or estate. *The right to disclaim of a decedent may be exercised with leave of court by his representative.*" (Emphasis added.) Ill. Rev. Stat. 1977, ch. 110½, par. 2—7(a).

The common law recognized that a taker of property under a will had the right to accept or reject a legacy or devise. (*People v. Flanagin* (1928), 331 Ill. 203, 162 N.E. 848; *Sippel v. Wolff* (1928), 333 Ill. 284, 164 N.E. 678.) However, the right to disclaim, as with other elections with respect to a will, was personal and could be exercised only during the lifetime of the disclaimant. *Rock Island Bank & Trust Co. v. First National Bank* (1962), 26 Ill. 2d 47, 185 N.E.2d 890; 1 James, Illinois Probate Law & Practice §15d.4, at 126 (1975 Pocket Part).

In 1977, section 2—7(a) was amended to specifically permit the exercise of the right to disclaim by a legal representative of a decedent. Before the 1977 amendment, no provision was made in the statute for disclaimer by an executor. As the emphasized language in the amended statute states, a legal representative may disclaim only "with leave of court."

The executor of Mrs. Morgan's estate contends that because the decedent had an absolute right to disclaim, the executor, as the decedent's legal representative, also has an absolute right to disclaim on behalf of the decedent's estate. The executor would construe the "leave of court" language of section 2—7(a) to provide a method by which the executor may exercise that right but not as a limitation on the right. We disagree. The language requiring an executor to obtain leave of court implies that the right to disclaim on behalf of a decedent is not absolute. Although "an heir, legatee, person succeeding to a disclaimed interest, beneficiary under a will or person designated to take pursuant to a power of appointment" may disclaim by following the procedures outlined in subparts (b) through (j) of section 2—7, only the legal representative of a decedent is specifically required to obtain leave of court. This language should not be construed as surplusage. *In re Estate of Cregar* (1975), 30 Ill. App. 3d 798, 333 N.E.2d 540.

We also reject the executor's contention that the only function which the trial court serves is to insure that the statutory filing procedures have been satisfied and that no common law bar, such as waiver or estoppel, precludes the right to disclaim. In every disclaimer situation, the trial court must ascertain whether the filing requirements have been met and whether any other action by the disclaimant bars his right to disclaim. Therefore, to accept this contention would also render the "leave of court" language meaningless.

Section 2—7, before amended to allow disclaimer by a decedent's legal representative, was similar to disclaimer statutes adopted in a number of other jurisdictions. (See Special Committee on Disclaimer Legislation, "Disclaimer of Testamentary and Non-Testamentary Dispositions—Suggestions for a Model Act," 3 Prop., Prob. & Tr. J.131 (1968).) Several of these States have included language specifically stating that the right to disclaim is personal and does not survive the decedent. (See, *e.g.*, Ky. Rev. Stat. §394.610 (1978); Me. Rev. Stat. tit. 18, §1272 (Supp. 1978-79); Or. Rev. Stat. §112.652 (1977).) Our legislature has amended the disclaimer statute to provide a method by which a legal representative may exercise a decedent's right to disclaim under certain circumstances. However, by adding the "leave of court" language, the legislature has indicated that this is a limited right.

Limiting the executor's exercise of his decedent's right to disclaim is

logical. The executor stands in a fiduciary relationship to the beneficiaries with respect to the administration of the estate. (See *Stoke v. Wheeler* (1945), 391 Ill. 429, 63 N.E.2d 492.) In making his decision to disclaim, the executor must consider the interests of all the beneficiaries as well as the financial consequences the disclaimer will have on the assets of the estate. Although the executor is given broad powers under the will to make tax elections on behalf of the estate, a disclaimer, which prevents the estate from acquiring any interest in the disclaimed assets, should not be considered a tax election, even though it may have tax effects.

■■ We conclude that by requiring a legal representative to obtain leave of court to disclaim, the statute compels the trial court to perform more than a ministerial function. Thus, the trial court must exercise its discretion in allowing the executor to disclaim on behalf of the decedent's estate.

In exercising its discretion the trial court is guided by the testamentary intent of the decedent. That the disclaimer would result in tax advantages is not the overriding consideration, especially if the result of the disclaimer is contrary to the expressed intent of the decedent.

■■ The role of the trial court in determining whether a disclaimer should be allowed can be compared to its function in cases where a conservator seeks permission to renounce the provisions of a will on behalf of an incompetent spouse. In those cases the court considers all of the surrounding facts and circumstances to determine whether taking under a will or against it is more equitable, including whether ample provision is made in the will for the welfare and comfort of the incompetent spouse, the testamentary design and purpose of the testator and the election which the spouse might have made if he or she were competent. (*Kinnett v. Hood* (1962), 25 Ill. 2d 600, 185 N.E.2d 888; *Rock Island Bank & Trust Co. v. First National Bank* (1962), 26 Ill. 2d 47, 185 N.E.2d 890.) The court may find it is in the best interests of the incompetent to take under the will even though renunciation would increase the size of the incompetent's estate. *Kinnett v. Hood* (1962), 25 Ill. 2d 600, 185 N.E.2d 888.

■■ Where, as here, there is no need to consider the interests of an incompetent and the disclaimant is deceased, the primary concern of the trial court should be to carry out the testamentary intent of the decedent for whom the legal representative seeks to disclaim.

According to the testamentary plan of Mrs. Morgan, on the death of Mr. Morgan, the trustee is to divide the trust estate into two equal trusts for Mrs. Morgan's daughters. The share of each daughter is to be held in trust during her lifetime with provision that the trustee is authorized to use the income and principal for her support or best interests subject to the restriction that the aggregate value of distributions of principal from any daughter's trust for purposes other than reasonable support of the

daughter is not to exceed 25 percent of the value of the trust principal. Each daughter is given a testamentary power to appoint among Mrs. Morgan's descendants, but if the power of appointment is not exercised, the property is to be held in trust for the daughter's living descendants. If no descendants survive the daughter, the trust is to be distributed among Mrs. Morgan's living descendants *per stirpes*. If the executor is allowed to disclaim the interest in the Thatcher estate, those assets would pass directly from the Thatcher estate to Mrs. Morgan's two daughters, and the contingent interests created in those assets by the Morgan testamentary trust would be eliminated.

■■ Illinois courts recognize the rule that a trust cannot be terminated by a family settlement agreement where there are contingent or executory interests in the trust or where the interests of minors are involved. (*Altemeier v. Harris* (1949), 403 Ill. 345, 86 N.E.2d 229; *Mohler v. Wesner* (1943), 382 Ill. 225, 47 N.E.2d 64; *Jurgens v. Eads* (1978), 67 Ill. App. 3d 52, 383 N.E.2d 1003.) It follows that an executor should not be allowed to disclaim where it would extinguish contingent or executory interests created by the decedent's testamentary plan.

In *Mohler v. Wesner* (1943), 382 Ill. 225, 47 N.E.2d 64, the court refused to allow a life beneficiary to terminate a testamentary trust by renouncing his life interest in the trust estate. The decedent's will had created a trust with an individual trustee and directed that a portion of the income would be paid to her nephew for life and on her nephew's death the trust principal would be distributed to the nephew's children, if living, or, if any child were then deceased, his share would go to his heirs. When all the remainder beneficiaries had become adults, the life beneficiary notified the trustee that he was waiving his rights in the trust. All of the trust beneficiaries joined in requesting a termination of the trust. The supreme court held that the existence of contingent interests precluded the termination of the trust. In declining to circumvent the intent of the decedent, the court stated:

> "For reasons best known to herself, the testatrix saw fit to provide an income for her nephew and to designate as the ultimate beneficiaries of her estate her nephew's children, or in the event any one or more of his children predeceased him, then their heirs-at-law at the time of the termination of the trust. The validity of this provision is not assailed, and it is the duty of the courts to render it effective and to not frustrate the clearly expressed intention of the testatrix." 382 Ill. 225, 232, 47 N.E.2d 64, 67.

Although in this case, the effect of the disclaimer would not terminate the trust, it would divert substantial assets from the trust and terminate the contingent interests of the descendants of Mrs. Morgan's daughters in those assets. The guardian ad litem, appointed by the trial court to protect

the interests of the contingent beneficiaries, including the minor children of Diana M. Senior, opposes the executor's attempt to disclaim. Because there are interests created by the trust which are not yet vested, the trust does not fall within the category of trusts terminable by agreement of the beneficiaries. See *Altemeier v. Harris* (1949), 403 Ill. 345, 86 N.E.2d 229.

The executor argues that a disclaimer would not materially shift the distribution of assets under either the Morgan or Thatcher estates. However, it is clear that the interests of the minor and unborn descendants of Mrs. Morgan's daughters would be adversely affected by the disclaimer. The fact that Mrs. Morgan's daughters are the lifetime beneficiaries of the trust and also the ones who would receive the assets of the Thatcher estate if the disclaimer was permitted is not justification for depriving the minor and unborn descendants of their potential interests in the trust. Mrs. Morgan did not choose to make outright bequests to her daughters, and instead saw fit to establish the trust and create interests in her descendants.

We conclude that the trial court's denial of the right to disclaim was appropriate under the facts and circumstances of this case. Because of our disposition, we need not discuss the other issues raised by the trustee and guardian ad litem in support of the trial court's decision.

The order of the probate division of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON, J., concurs.

Mr. PRESIDING JUSTICE JIGANTI, dissenting:

I believe the court should defer to the decision of the executor.

Two facts that bear on the question of whether to allow the disclaimer need amplification: the tax consequences and the assets of the Morgan Trust. The estimated tax saving if the disclaimer is accepted is $28,000, approximately 17% of the Thatcher estate. The Morgan Trust, established in 1955, presently holds $154,000, the proceeds of an insurance policy which insured the life of the decedent. The Morgan Trust will receive approximately $85,000 from the Morgan estate even if the disclaimer is accepted. It also holds life insurance policies on John Alden Morgan in the sum of $250,000. Thus, the potential value of the entire Morgan Trust, without any reference to the $160,000 from the Thatcher estate, is approximately $489,000.

If the disclaimer is accepted, $28,000 in taxes will be saved and the trustee's fees will be avoided. The proceeds of the Thatcher estate will go directly to the daughters of Mrs. Morgan. This effectuates the express intention of Mrs. Thatcher as articulated in her will.

As the majority opinion in this case points out, the three children of Diana Senior, and any children Diana Senior and Pamela Johnson may have, may be deprived of the proceeds of the Thatcher estate. However, the Morgan Trust is still substantial. No particular child can be said to be deprived of any inheritance because Diana Senior and Pamela Johnson were given a power of appointment which could be exercised in favor of any one of the descendants of Mrs. Morgan. The 25% limitation on distribution of principal applies only to the distribution of principal other than for reasonable support. Therefore, because the entire principal as well as the income may be used for the support of Diana Senior and Pamela Johnson, there is no certainty that there will be any funds for any of their children.

Both the trial court and the majority of this court reason that the discretion of the court is to be guided by the testamentary intent of Mrs. Morgan. The only evidence of that intent in the record is from the language of the trust established by Mrs. Morgan in 1955. The majority states that the result of the disclaimer would be against the "expressed intent" of Mrs. Morgan. Apparently this "expressed intent" derives from the majority's inference of fact that "Mrs. Morgan did not choose to make outright bequests to her daughters." The underpinning for the "expressed intent" is slight.

In determining the intention of Mrs. Morgan, the judgment of John Alden Morgan must be weighed. He was named as the successor executor under the will of Mrs. Thatcher. He was named the executor by Mrs. Morgan and was given broad powers including the right to make all decisions concerning taxes. He is the father of both Pamela Johnson and Diana Senior and the grandfather of the potential beneficiaries of the Morgan Trusts. As executor he had the duty to consider the surrounding financial circumstances, including tax consequences, and what he perceived would have been the intent of his wife in making his decision to disclaim. The direct distribution to Pamela Johnson and Diana Senior militates against the necessity of the trustee invading the principal of the trust for their support and best interests.

If Mrs. Morgan had lived she had a *right* to disclaim. This *right* was given to her executor by statute. Because of the position of confidence that the executor held with his wife and with his mother-in-law, Mrs. Thatcher, I believe that his decision in exercising the *right* to disclaim was reasonable and should have been acceded to.