May 21, 1999

No. 3--98--0599

________________________________________________________________

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1999

CHRISTOPHER R. FLEISCH, )  Appeal from the Circuit Court

)  of the 12th Judicial Circuit, 

Plaintiff-Appellant, )  Will County, Illinois

) 

v. ) 

) 

FIRST AMERICAN BANK AS )

TRUSTEE OF THE HELEN D. ) 

FLEISCH TRUST AGREEMENT DATED )

MARCH 17, 1988; )

)

Defendant-Appellee, ) 

)  No. 97--MR--8685

and )

)

RICHARD I. ANGELL, M.D.; )

GRACE EPISCOPAL CHURCH OF )

HINSDALE, ILLINOIS; EPISCOPAL )

CHARITIES AND COMMUNITY )

SERVICES OF CHICAGO; THE )

CATHOLIC CHARITIES OF THE )

ARCHDIOCESE OF CHICAGO; )

THE SALVATION ARMY, )

METROPOLITAN DIVISION OF )

CHICAGO; and JIM RYAN, )

ATTORNEY GENERAL OF THE STATE )

OF ILLINOIS, )  Honorable

)  William R. Penn,

Defendants. )  Judge, Presiding .

________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:

________________________________________________________________ 

Prior to her death on November 19, 1993, Helen D. Fleisch (Helen) created a trust to provide income for her son, plaintiff Christopher R. Fleisch.  On June 13, 1997, at age 54, plaintiff brought suit for declaratory judgment, seeking court approval of a proposed "family settlement agreement" to distribute the 
corpus
 of the trust.  Following a hearing, the trial court granted judgment against plaintiff.  Plaintiff appeals.  We affirm.

FACTS

Plaintiff was Helen’s only child, and he is the only income beneficiary of the trust.  Defendant First American Bank (trustee) is the successor trustee.  Defendants Richard I. Angell, M.D., and four charitable organizations are contingent remaindermen, and the Attorney General of the State of Illinois is a nominal defendant under the Charitable Trust Act (760 ILCS 55/1 
et
 
seq
. (West 1996)).

Article 6 of the trust instrument pertains to the distribution of the residuary trust after Helen’s death.  Section 1 provides that the income and principal of the residuary trust "may" be distributed at the discretion of the trustee for plaintiff’s support, education and health needs "considering his standard of living at [Helen’s] death."  Section 2 provides that upon plaintiff’s death, the trust proceeds "shall" be distributed to Helen’s descendants and their spouses as appointed in plaintiff’s will, "provided, however, [plaintiff] may not so appoint to himself, his estate, his creditor or the creditors of his estate."  Section 3 provides for the distribution of the residuary trust to Helen’s grandchildren upon the death of plaintiff’s appointees; and section 4 provides for contingency distribution of the trust proceeds to the defendant remaindermen in default of beneficiaries appointed under section 3.

In January 1997, when the trust 
corpus
 amounted to approximately $450,000, plaintiff presented a "proposed acceleration settlement" to the contingent remaindermen.  Plaintiff proposed to distribute the trust as follows: 65% to himself, or $292,500; $78,750 to Angell; and $19,687.50 to each of the charitable remaindermen.  On June 13, 1997, plaintiff filed his complaint for declaratory relief seeking court approval of the proposed settlement on grounds of (1) a 
bona
 
fide
 family controversy between himself and Dr. Angell, and (2) defects in the trust instrument.  Plaintiff thereafter moved for summary judgment, claiming that four of the contingent remaindermen had accepted the proposed settlement and the fifth, Episcopal Charities, had taken no position.

On October 1, 1997, the trustee answered the complaint and filed its opposition to plaintiff’s summary judgment motion.  In both pleadings, the trustee denied both that there was a 
bona
 
fide
 family controversy and that the trust instrument was defective.  The trustee requested that the complaint be dismissed and that judgment be entered against plaintiff.

 Following a contested hearing, the trial court found that (1) there were no genuine issues of material fact; (2) there was no basis for believing that prolonged litigation would result over the proceeds of Helen’s estate or that family relationships would be impaired; and (3) the proposed settlement would frustrate the trust settlor’s intent.  Accordingly, the court denied plaintiff’s motion for summary judgment and dismissed the complaint with prejudice.  In a post-judgment motion, plaintiff requested leave to amend his complaint.  The motion was denied, and plaintiff appeals.

ISSUES AND ANALYSIS

I.  The Family Settlement Doctrine

Initially, plaintiff argues that he was entitled to summary judgment because the elements of the family settlement doctrine were established as a matter of law.  We disagree.

Family settlement agreements are encouraged in situations where there is a reasonable or substantial basis for believing that prolonged or expensive litigation will result over the proceeds or distribution of an estate, the estate will be depleted, and family relationships will be "torn asunder."  
Wolf v. Uhlemann
, 325 Ill. 165, 183, 156 N.E. 334, 340 (1927).  A 
bona
 
fide
 dispute between rival beneficiaries which would give rise to prolonged, estate-depleting litigation may constitute adequate consideration for the parties’ mutual concessions in a settlement agreement.  
Wolf
,
 325 Ill. 165, 156 N.E.2d 334.
  However, family settlement agreements cannot be employed simply to accelerate distribution of a trust 
corpus
 in contravention of the settlor’s express intent in the trust instrument.  
Altemeier v. Harris
, 403 Ill. 345, 86 N.E.2d 229 (1949).  Only where the design and object of a trust has been practically accomplished and all of the interests created by it have become vested may the trust be terminated by agreement.  
Mohler v. Wesner
, 382 Ill. 225, 47 N.E.2d 64 (1943).  Accordingly, family settlement agreements are subjected to close scrutiny to determine whether the disputes they purport to resolve are genuine or simply ill-conceived threats concocted to subvert the settlor’s intent.  
In re Estate of McCabe
, 95 Ill. App. 3d 1081, 420 N.E.2d 1024 (1981). 

In this case, plaintiff alleged that he might marry a woman with children that he might adopt, and he might then exercise his power of appointment under the trust in favor of the children.  He described Dr. Angell as his "quasi step-brother" based on an allegation that Helen reared him from age 12, upon the death of Angell’s mother.  He alleged that the settlement agreement would prevent a "
bona
 
fide
 family controversy with Dr. Angell" from arising.  Plaintiff further alleged that the language of the trust was inconsistent in that both "may" and "shall" were used with respect to the trustee’s duties.  

It is apparent to us, as it was to the trial court, that there is no reasonable or substantial basis for finding a 
bona
 
fide
 family dispute in this case.  Plaintiff’s complaint on its face acknowledges that there is a possibility of other beneficiaries coming into existence, whose contingent interests would not be protected by the proposed settlement agreement.  Plaintiff’s controversy is with the spendthrift terms of the trust, not with Dr. Angell or any of the charitable contingent remaindermen.  Even according Dr. Angell status as a "family" member, it is apparent that he has no 
bona
 
fide
 dispute with the terms of the trust, including plaintiff’s rights as the sole income beneficiary.  Nor is there a reasonable or substantial basis for finding that construing the use of discretionary and mandatory language in the trust instrument will result in prolonged litigation.  The "settlement agreement" proposed only to defeat the spendthrift provisions of the trust and the interests of potential contingent beneficiaries.  By law, the trust could not be terminated on the facts presented to the trial court; therefore, plaintiff’s summary judgment motion was properly denied.  See 
Altemeier
, 403 Ill. 345, 86 N.E.2d 229; 
Mohler
, 382 Ill. 225, 47 N.E.2d 64.

II.  Grant of Judgment for Non-Movant

Next, plaintiff argues that the trial court erred in granting judgment in favor of the trustee without a dispositive motion having been filed by the trustee requesting such relief.  Where, as here, all of the relevant facts are before the court on one party’s motion for summary judgment and denial of such motion effectively grants judgment to the non-movant, the trial court may enter final judgment for the non-movant even in the absence of a pleading specifically requesting such relief.  See 
Magnus v. Lutheran General Health Care System
, 235 Ill. App. 3d 173, 601 N.E.2d 907 (1992); see also 
Mohler
, 382 Ill. 225, 47 N.E.2d 64
.

In this case, the matters presented to the trial court at the hearing on plaintiff’s motion established as a matter of law that there was no legitimate basis upon which to approve a settlement agreement accelerating the disposition of the Helen Fleisch trust in contravention of the terms of the trust instrument.  In both its answer to the complaint and in its pleading in opposition to plaintiff’s summary judgment motion, the trustee requested that the court grant judgment against the plaintiff.

We note that the plaintiff did not complain in the trial court that the trustee’s request was procedurally defective.  Further, resolution of the question of plaintiff’s entitlement to summary judgment effectively resolved the case in favor of the trustee.  Accordingly, we hold that the trial court did not abuse its discretion in granting final judgment against plaintiff.  

III.  Plaintiff’s Request to File Amended Complaint

Finally, plaintiff argues without citation to authority that he should have been granted leave to amend his complaint to plead a different set of facts and an alternative form of relief pursuant to his post-judgment request.  It is well settled that a motion to amend a complaint is not a proper post-judgment motion.  
Pickle v. Curns
, 106 Ill. App. 3d 734, 435 N.E.2d 877 (1982).

In his motion, plaintiff failed to demonstrate that he could plead and prove a viable cause of action based on facts unavailable to him at the time the original complaint was filed.  Therefore, even if plaintiff’s motion to amend were deemed timely, allowance of the motion would not have furthered the ends of justice.  Accordingly, it was not an abuse of the court’s discretion to deny 
amendment.  See 
Loyola Academy v. S & S Roof Maintenance, Inc.
, 146 Ill. 2d 263, 586 N.E.2d 1211 (1992).

CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Will County.

Affirmed.

HOLDRIDGE, P.J., and BRESLIN, J., concur.