CHARLES SMITH, Appellee, *vs.* WILLIAM L. SMITH *et al.*
Appellants.

*Opinion filed June 21, 1912.*

1. PRACTICE—*what is not ground for affirming decree.* Since
the amendment of section 100 of the Practice act, in 1908, the pro-
vision authorizing affirmance of a decree where the transcript is
not filed by the second day of the term and more than twenty days
have elapsed since the entry of the decree, does not apply to ap-
peals to the Supreme Court.

2. TRUSTS—*when a trustee takes no beneficial interest in real
estate devised to him.* A deed conveying real estate to trustees,
to have and to hold the same for the sole and separate use, bene-
fit and support of the *cestui que trust* for his natural life, so he,
alone, shall have the income and profits from said real estate, and
after his death to his heirs forever, does not give the trustees
any beneficial interest in the real estate nor impose upon them any
duty in respect to it.

3. SAME—*the Statute of Uses executes a passive use.* A deed
to trustees for the sole and separate use of the *cestui que trust*
for and during his natural life, without requiring the trustees to
perform any active duties, creates a passive use, which is executed
by the Statute of Uses, and the beneficiary is thereby clothed with
the legal title.

4. DEEDS—*application of the rule in Shelley's case.* A deed
which conveys a legal freehold estate to the first taker, and con-
tains a limitation, by way of remainder, of an interest of the same
legal quality to his heirs as a class of persons to take in succes-
sion from generation to generation, comes under the rule in *Shel-
ley's case,* which in its application to real estate is not a rule of
construction or intent but a rule of property, which is always
given effect although directly at variance with the manifest in-
tention of the grantor or donor.

5. WILLS—*legacy is not affected by the Statute of Uses.* A
provision of a will appointing trustees to receive the money or
property going to the beneficiary, to be used by them, as trustees,
for the sole use and benefit of the beneficiary during his life, and
directing that upon his death the property is to go to his heirs-
at-law, will not be affected by the Statute of Uses even if the
trust be regarded as a passive one, as the Statute of Uses does
not apply to personal property.

6. SAME—*application of the rule in Shelley's case to person-
alty.* The rule in *Shelley's case* has no application to personal

property as a rule of property, but it is applied to grants of personalty, by way of analogy, for purposes of construction.

7. SAME—*active duties given to trustees render the interest of the beneficiary equitable.* Where active duties are given to trustees by a bequest of personal property to them for the sole use and benefit of the beneficiary for his natural life, the property at his death to go to his heirs-at-law, the interest of the beneficiary is equitable and the remainder to the heirs at his death is legal, which would prevent the application of the rule in *Shelley's case* if applied in the same way as in a devise of real estate.

8. SAME—*power of trustees to control trust fund need not be given in express terms.* It is not essential to the power of the trustees to control and manage the trust fund that they should be given, in express terms, power to lend or invest the same and to collect the proceeds or income, if that intent can be gathered from the will.

9. SAME—*when power of trustees to control trust fund will be implied from provisions of will.* A provision that the fund shall be used by the trustees for the sole use and benefit of the beneficiary during his life necessarily implies control and management of the fund, and the intent of the testator so expressed must be given effect.

APPEAL from the Circuit Court of Boone county; the Hon. CHARLES WHITNEY, Judge, presiding.

WILLIAM BIESTER, for appellants.

J. F. CASEY, and P. H. O'DONNELL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This case involves the construction and legal effect of a deed and will. William Smith and Jane Smith, his wife, had three sons,—the appellee, Charles Smith, and the appellants, William L. Smith and Albert T. Smith. On August 5, 1905, William Smith and Jane Smith executed a deed of the south-west quarter of the south-west quarter of section 26, in township 46, range 4, in the town of LeRoy, in Boone county, to William L. Smith, and in case

of his death or failure to act then to Albert T. Smith, in trust for the uses and purposes therein set forth. The trust was declared as follows: "To have and to hold the said piece or parcel of land, with the appurtenances, hereby granted or intended to be unto the said William L. Smith and his successor in trust, Albert T. Smith, their heirs and assigns forever, in trust, nevertheless, and for the uses following and none other, that is to say, for the sole and separate use, benefit and support of Charles Smith, of the town of LeRoy, county of Boone and State of Illinois, and for and during his natural life, so as he, alone, shall have the income and profits from said real estate, and from and after the decease of the said Charles Smith then to his heirs forever." Charles Smith was in possession of the real estate when the deed was executed and has since had exclusive possession of the same. William Smith and Jane Smith died about a week after the execution of the deed, and William Smith left a will, which was admitted to probate. The will gave to Jane Smith a life estate in all the testator's real and personal property, and at her death the residue and remainder was to be divided equally among the children of the testator or their heirs-at-law, share and share alike. The third clause was as follows: "I hereby appoint my sons William L. Smith and Albert T. Smith trustees, to receive all distribution of the money or property going to my son Charles Smith, to be used by them for his sole use and benefit during his life, and in case of decease to his heirs-at-law forever." As Jane Smith had died, the remainder took effect at once and the estate was settled, and the final report of the executors was approved in December, 1910. The distributive share of Charles Smith in the hands of the trustees was $2219.86, and he filed his bill in the circuit court of Boone county to have his title to the real estate declared and to obtain the possession of said fund. He made his minor children, Jessie M. Smith and Arthur M. Smith, defendants, as well as

the trustees, William L. Smith and Albert T. Smith, and prayed the court to declare him to be the owner in fee simple of the premises described in the deed. He also alleged that he was indebted and was in need of the money constituting his distributive share of the estate and asked the court to deliver it over to him. A guardian *ad litem* was appointed and answered for the minors. The trustees, William L. Smith and Albert T. Smith, demurred to that part of the bill alleging ownership in fee simple of the real estate and title to the money and answered the remainder of the bill, admitting the possession of the real estate by the appellee and the receipt by themselves of the money constituting his share. The chancellor heard the cause, overruled the demurrer, found that the appellee was the owner in fee simple of the real estate, and ordered the trustees to pay over and deliver to him the said sum of $2219.86 within thirty days. From that decree the trustees, William L. Smith and Albert T. Smith, appealed.

The appellee asks us to affirm the decree for a failure to file a transcript of the record within the time required by the statute, and he has filed an additional abstract showing that the circuit court adjourned on December 27, 1911. More than twenty days intervened between that day and the second day of the succeeding term of this court and no transcript of the record was filed in this court by the second day of that term. There was evidently a failure to notice the amendment of section 100 of the Practice act, in force July 1, 1908, which makes a different provision for filing a transcript where the appeal is taken to this court. (Laws of 1907-08, p. 94.) The decree cannot be affirmed for a failure to file a transcript within the time required.

The conveyance to William L. Smith, or in case of his death or failure to act then to Albert T. Smith, was simply for the use of Charles Smith, so that neither William L. Smith nor Albert T. Smith had any beneficial interest in

the real estate and had no duty to perform in respect to it. Charles Smith was to have the sole and separate use for and during his natural life, and the deed therefore created a use, which the Statute of Uses executed by transferring the legal estate to the beneficiary. The trust being a passive one, the statute executed the use and clothed Charles Smith with the legal title. (*Meacham* v. *Steele,* 93 Ill. 135; *O'Melia* v. *Mullarky,* 124 id. 506; *Barclay* v. *Platt,* 170 id. 384; *Drake* v. *Steele,* 242 id. 301.) The deed vested in Charles Smith, by virtue of the Statute of Uses, a legal freehold estate, and there was in the same instrument a limitation, by way of remainder, of an interest of the same legal quality to his heirs as a class of persons to take in succession from generation to generation, so that under the rule in *Shelley's case* Charles Smith took the whole estate. (*Baker* v. *Scott,* 62 Ill. 86; *Butler* v. *Huestis,* 68 id. 594; *Pease* v. *Davis,* 225 id. 408; *Ward* v. *Butler,* 239 id. 462; *Lord* v. *Comstock,* 240 id. 492.) The decree was right so far as the real estate was concerned.

By his will the testator appointed William L. Smith and Albert T. Smith trustees to receive the money or property going to the son Charles Smith, to be used by them, as trustees, for his sole use and benefit during his life, and upon his death the property was to go to his heirs-at-law. The Statute of Uses does not apply to personal property, and the provision of the will would not be affected by that statute if the trust could be regarded as a passive one. (*Kirkland* v. *Cox,* 94 Ill. 400; *Ure* v. *Ure,* 185 id. 216.) Neither does the rule in *Shelley's case* apply to personal property. It is a rule of property and not of construction or intent, and is always given effect although directly at variance with the manifest intention of the grantor or donor. It was said, however, in *Glover* v. *Condell,* 163 Ill. 566, that while the rule, strictly speaking, has reference only to real estate, it is applied to grants of personalty, by way of analogy, for purposes of construction, and when so

applied yields more readily to the apparent intent of the testator than it does in grants of realty. In the latter case it does not yield to the intent of the testator at all, and there is no inflexible requirement that it shall be applied to a bequest of personal property, but the courts will carry out the intention of the testator as expressed in his will if it can be ascertained with certainty. (*Sands* v. *Old Colony Trust Co.* 195 Mass. 575; 12 Ann. Cas. 837.) Treating the rule in *Shelley's case,* when applied to personal property, merely as a rule of construction, there can be no question in this case as to the intent of the testator that active duties should be performed by the trustees. If that is so, the interest of Charles Smith is equitable and the remainder to the heirs at his death is legal, which would prevent the application of the rule in *Shelley's case* if applied in the same way as in a devise of real estate. It is not essential to the power of the trustees to control and manage the trust fund that they should be given, in express terms, power to loan or invest the same and to collect the proceeds or income, if that intent can be gathered from the will. (*Ure* v. *Ure, supra.*) The provision that the fund shall be used by the trustees for the sole use and benefit of Charles Smith during his life necessarily implies control and management of the fund, and the intent of the testator so expressed must be given effect. The chancellor erred in his conclusion that Charles Smith had a legal title to the fund.

The decree is affirmed so far as it relates to the real estate and is reversed as to the fund in the hands of the trustees, and the cause is remanded to the circuit court, with directions to dismiss the bill as to that fund. The appellee will pay one-half the costs of the appeal and the appellants the other half, and the chancellor will make the same division of the costs in the circuit court.

*Affirmed in part and remanded, with directions.*