*In re* ESTATE OF SAM ACHILLI, Deceased.—(HOWARD ACHILLI, Adm'r with Will Annexed of the Estate of Ruth Achilli, *et al.*, Petitioners-Appellants, *v.* FATHER WILLIS R. BRADLEY *et al.*, Respondents-Appellees.)

Second District   No. 78-151

Opinion filed May 8, 1979.

Joseph H. Barnett and John P. Duggan, both of Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, of Aurora, for appellants.

Howard E. Smith, Jr., of Smith & Landmeier, of Geneva, for appellees.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

This action arose over the sale, under court order, of certain real estate owned by the decedent, Sam Achilli, at his death. The appellants (hereafter Beneficiaries) claimed the right to the proceeds as beneficiaries of decedent's wife, Ruth Achilli. The trial court held that the proceeds were part of the estate of Sam Achilli. The Beneficiaries appeal. We reverse.

On June 2, 1969, Sam Achilli died testate. His wife, Ruth Achilli, was sole beneficiary under the will. His will contained the customary direction to the executor to pay the testator's just debts. In addition, Clause Sixth provided:

> "* * * I hereby *authorize and empower* my Executor or her successors, when qualified and acting, to sell and convey and to execute and deliver all proper instruments of sale and conveyance of all or any part of my estate, real and personal, upon first obtaining order of court so to do, regardless of the sufficiency of

the personal assets of my estate to pay the debts, claims or charges thereof." (Emphasis added.)

On November 19, 1969, the will was admitted to probate and Ruth Achilli was appointed executor. The only real estate owned by the decedent at the date of his death was the property which is the subject of this lawsuit. During the course of the proceedings it became apparent that the decedent's assets would be insufficient to pay his debts. On January 9, 1972, Ruth Achilli died and the Union National Bank and Trust Company of Elgin was appointed administrator of the estate. On July 29, 1977, eight years after decedent's death, the administrator petitioned the court for leave to sell the subject property. On August 11, 1977, leave was granted and the property, which was appraised for $22,000, was sold for $30,000. The proceeds, by court order, were held by the administrator, pending further direction of the court. On October 12, 1977, the Beneficiaries filed a petition claiming the proceeds of the sale on the grounds that section 226 of the Probate Act prohibited the use of the proceeds to pay the debts of the estate. The trial court denied the beneficiaries' petition and this appeal followed.

Section 226 of the Probate Act (Ill. Rev. Stat. 1969, ch. 3, par. 226) provided in part as follows:

> "After the expiration of 7 years from the date of death of a decedent, or after the expiration of such additional time as may be allowed by the court for good cause shown upon petition filed by any interested person within the 7 year period or any extension thereof, no real estate, or interest therein, to which the decedent had claim or title, shall be sold, leased, or mortgaged for the purpose of paying claims or expenses of administration. * * *" Ill. Rev. Stat. 1969, ch. 3, par. 226.

The appellees (the creditors) make three arguments in support of the trial court's determination: (1) section 246 of the Probate Act renders section 226 inapplicable to the instant case; (2) the "power to sell" clause of the will coupled with the direction to pay just debts, worked an equitable conversion on the real estate, rendering section 226 inapplicable and (3) the Beneficiaries waived their rights by failing to object to the sale of the property. We will consider these arguments in order.

The creditors first claim that section 246 of the Probate Act which states that: "The provisions of this Article for the lease, sale or mortgage of real estate or interest therein do not apply to leases, sales or mortgages made *without order of court* by an executor under a power given in the will" (emphasis added) (Ill. Rev. Stat. 1969, ch. 3, par. 246) renders section 226 inapplicable to the sale in the instant case. However, the sale was conducted pursuant to the sixth clause of the will which required a

court order. Therefore, section 246 does not apply to the facts of this case.

The creditors next contend that the executor's power to sell, coupled with the direction to pay his just debts, and the insolvency of decedent's estate, creates a mandatory duty to sell, thereby working an equitable conversion of the property. If the property is deemed converted, then section 226, which applies only to real estate, does not bar the sale.

In order for there to be an equitable conversion of real estate under the terms of a will, there must be a clear and imperative direction that the land be sold and turned into money. (*Rehbein v. Norene* (1954), 2 Ill. 2d 363; *Haward v. Peavey* (1889), 128 Ill. 430, 436.) If the executor is given an option, choice or discretion whether the property be sold, then equitable conversion does not occur because there is no duty on the fiduciary to sell. (*Keller v. Schobert* (1974), 58 Ill. 2d 137, 142.) As the court stated in *Rehbein v. Norene* (1954), 2 Ill. 2d 363, 370-71:

> "In order to work a conversion while the property remains unchanged in form there must be a clear and imperative direction to convert it. The authorities are uniform in holding that to establish a conversion the direction to convert must be positive and explicit and the will must decisively fix on the land or the money the character intended to be given it. (*Vierieg v. Krehmke*, 293 Ill. 265.) 'Although it is not necessary that there be an express declaration that real estate shall be considered personal property, it is necessary that there be an expression showing a definite intention that the land be sold and turned into money or that the money be expended in the purchase of land. Such requires a clear and imperative direction. If it be left to the choice, option or discretion of the trustee, executor or other fiduciary charged, whether the property be so used, equitable conversion does not take place because there rests upon such fiduciary no duty to make the change. * * *' "

The will of Sam Achilli, on its face, lacked any "clear and imperative direction" that the decedent's realty be sold and converted to personal property, since the language in the will "authorize and empower," merely indicates a power to sell. It would therefore appear that no equitable conversion occurred.

The creditors contend, however, that under the circumstances of the instant case, where the estate was insolvent, it was decedent's intention that the realty be sold to pay his debts and that this gave rise to an equitable conversion. Again, we disagree.

> "The law does not favor equitable conversion of property * * *. Few testators have any knowledge of the doctrine, it is said, or any actual intent to change the nature of the property, except when and

to the extent that may be required to carry out the special purpose of the will. The presumption, therefore, no matter what the form of words used, is against conversion under a will." (27 Am. Jur. 2d *Equitable Conversion* §5 (1966).)

We are in accord with this view, and observe that the testator could hardly have intended the result now urged by the creditors. Both the power to sell property of the estate and the direction to pay the testator's just debts are no more than a "standard form" power and direction given to the executor under most wills. We decline to hold that by inserting such standard clauses the testator intended an equitable conversion to occur, in the event that his estate was insolvent.

■■ The creditors finally contend that the Beneficiaries waived their rights by their failure to object to the sale of the property under section 226. However, that section does not prohibit the *sale* of the property, but rather sale "for the purpose of paying claims or expenses of administration." (Ill. Rev. Stat. 1969, ch. 3, par. 226.) While the Beneficiaries could have objected to the sale under section 226, it was not necessary that they do so. The sale price was above market value and they, therefore, had no reason to object to the sale, but only to the proposed use of the proceeds to pay claims. We find that their failure to object to the sale did not amount to a waiver.

For these reasons we find that section 226 of the Probate Act applied to the sale of the realty in this case. The use of the proceeds to pay claims, therefore, is barred.

For the foregoing reasons, the judgment of the circuit court of Kane County is reversed, and this cause remanded with directions to distribute the proceeds of the sale in a manner not inconsistent with this opinion.

Reversed and remanded with directions.

GUILD, P. J., and LINDBERG, J., concur.