(No. 53206.—

TERRI JO EVANS *et al.*, Appellants, v. GENEVA GILES *et al.*, Appellees.

*Opinion filed December 1, 1980.—Rehearing denied January 29, 1981.*

Elmer C. Hawkins, of Woollen, Brown, Hawkins & Basola, of Decatur, for appellants.

William M. Rice and James W. Alling, of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an action for partition and an accounting. The circuit court of Macon County entered a decree granting the relief requested. On appeal by defendants, the appellate court reversed the judgment of the circuit court and ordered that the property in its entirety be awarded to defendants. (80 Ill. App. 3d 270.) We allowed plaintiffs leave to appeal.

The facts relevant to the disposition of this cause have been adequately developed in the appellate court opinion and as stated therein are as follows:

"This case concerns title to 320 acres of Macon County farmland. At issue is the construction of the will of Sard Giles who died November 22, 1925. Article Third of his will devised the land to his daughter Leta Timmons for life,

'*** with remainder over to the heirs of the body of her, the said Leta Timmons, and in the event of the death of the said Leta Timmons

without issue, then in that event, the real estate herein *** I give, devise and bequeath to Elmo S. Giles for and during his natural life with remainder over to the heirs of the body of him, the said Elmo S. Giles.'

The parties agree that this devise created a life estate in Leta Timmons followed by alternate contingent remainders.

On April 8, 1972, Leta G. Timmons died never having had children. The parties agree that this caused the failure of the first contingent remainder to the heirs of her body. Previously on February 9, 1951, Elmo S. Giles, son of Sard Giles, died leaving Elmo S. Giles, Jr., the only child ever born to him. On February 26, 1968, also prior to Leta's death, Elmo S. Giles, Jr., died never having had children. The precise question to be decided is whether all estates after the life estate of Leta Timmons failed causing the title to the tract, in the absence of a residuary clause, to revert to the heirs of Sard Giles, thus enabling plaintiffs as devisees of Leta Timmons to take her one-half interest in that reversion, or whether defendants, the devisees of the contingent remainder interest of Elmo S. Giles, Jr., take through him and are entitled to the remainder in fee."

The circuit court ruled that Sard Giles' will created alternative contingent remainders and that both remainders had failed. The court reasoned that the first contingent remainder, to the heirs of the body of Leta Timmons, failed at the date of her death without issue. The court further reasoned that the alternate contingent remainder, to Elmo S. Giles, Sr., for life with remainder to the heirs of his body, failed because both he and Elmo S. Giles, Jr., predeceased Leta Timmons. The court accordingly ruled that the failure of both remainders caused the

property to revert to Sard Giles, to pass by intestacy to Leta Timmons and Elmo S. Giles, Jr., and thereafter to be distributed under the wills of Leta Timmons and Elmo S. Giles, Jr. The court then entered its decree partitioning the property, as requested by plaintiffs. The appellate court, one justice dissenting, reversed the judgment of the circuit court. (80 Ill. App. 3d 270.) Relying primarily upon the decision of the court in *Hofing v. Willis* (1964), 31 Ill. 2d 365, and the public policy against partial intestacy, the appellate court reasoned that a contingent remainderman, such as Elmo S. Giles, Jr., in the absence of an express provision by the testator, need not survive the life tenant in possession, Leta Timmons. The appellate court therefore ruled that the property in its entirety should pass under the will of Sard Giles to Elmo S. Giles, Jr., and thereafter according to the will of Elmo S. Giles, Jr., to defendants. We affirm.

The parties agree that the devise in question created alternative contingent remainders, and they agree that the first contingent remainder failed on the death of Leta Timmons without issue. Plaintiffs contend, however, that a condition precedent to vesting of the alternative remainder of Elmo S. Giles, Jr., is that he and Elmo S. Giles, Sr., survive Leta Timmons.

As noted by the appellate court, a threshold issue in characterizing the respective interests of the parties is the application of the Rule in Shelley's Case. That rule, in effect at the date of testator's death, has been defined as follows:

> " 'In any instrument, if a freehold be limited to the ancestor for life, and the inheritance to his heirs, either mediately or immediately, the first taker takes the whole estate; if it be limited to the heirs of his body, he takes a fee tail; if to his heirs, a fee simple.' 1 Preston on Estates, 263."

(*Frazer v. Board of Supervisors* (1874), 74 Ill. 282, 287.)

The rule expressed, as noted by one commentator, is a condensed statement of the common law, for it is not the Rule in Shelley's Case which creates in the first taker a fee or a fee tail, but the operation of the doctrine of merger. (Young, *The Rule in Shelley's Case in Illinois: A New Analysis and Suggestions for Repeal*, 45 Ill. L. Rev. 173, 186 (1950).) The Rule in Shelley's Case operates only on the contingent remainder given to the heirs of the ancestor, converting the contingent remainder into a vested remainder in the ancestor himself. The doctrine of merger then operates to vest in the first taker a fee or fee tail. (Moynihan, Introduction to the Law of Real Property 142 (1962).) The Rule in Shelley's Case is applicable to remainders limited to the heirs of one's body (*Barker v. Walker* (1949), 403 Ill. 302, 306; *Winchell v. Winchell* (1913), 259 Ill. 471, 475; see generally Young, *The Rule in Shelley's Case in Illinois: A New Analysis and Suggestions for Repeal*, 45 Ill. L. Rev. 173, 186-97 (1950)) and therefore operates to transfer the remainders in fee tail to the life tenants, Leta Timmons and Elmo S. Giles, Sr. The doctrine of merger operates to give these takers alternative estates in fee tail.

Also in effect at the death of Sard Giles, and applicable to the devise created, was the Illinois entailment statute (Ill. Rev. Stat. 1925, ch. 30, par. 5). The statute provided:

> "In cases where, by the common law, any person or persons might hereafter become seized, in fee tail, of any lands, tenements or hereditaments, by virtue of any devise, gift, grant or other conveyance, hereafter to be made, or by any other means whatsoever, such person or persons, instead of being or becoming seized thereof in fee tail, shall be deemed and adjudged to be, and become seized thereof, for his or her natural life only, and the remainder

shall pass in fee simple absolute, to the person or persons to whom the estate tail would, on the death of the first grantee, devisee, or donee in tail, first pass, according to the course of the common law, by virtue of such devise, gift, grant or conveyance." (Ill. Rev. Stat. 1925, ch. 30, par. 5.)

As was stated in *Moore v. Reddell* (1913), 259 Ill. 36, 44, "[T]he purpose of the act was to provide that issue which was in existence at the time of the grant or should be born afterward should be invested with the fee simple and the reversion in the grantor be destroyed." As the entailment statute applies to the present devise, the fee tail to Leta Timmons is converted to a life estate in Leta with a contingent remainder in fee in her children. The parties agree, and the appellate court determined, that the death of Leta Timmons without issue destroyed the contingent remainder in the heirs of her body. This conclusion is clearly proper.

We also agree with the appellate court that the entailment statute operated on the limitation to Elmo S. Giles, Sr. Although this point is not disputed in this court, both the trial court and the dissenting justice in the appellate court, relying upon the literal language of the entailment statute, believed that the operation of the provision was triggered only when the taker became "seized in possession." (80 Ill. App. 3d 270, 278.) The legislature's inclusion of persons who "might hereafter become seized" belies any argument that actual possession is necessary, and we do not believe that the legislature intended that the entailment statute would be rendered inoperable simply because Elmo S. Giles, Sr., never actually took possession of the property. We believe that the purpose of the statute, to vest the issue with the fee simple at the time of the devise or as soon as they should be born in order to destroy the reversion in the grantor, can best be accomplished by applying the statute to the limitation in favor of Elmo S. Giles, Sr.

To summarize, the interests involved here are a life

estate in Leta Timmons, contingent remainder in fee in her children, a contingent gift over to Elmo S. Giles, Sr., for life upon a definite failure of issue of Leta Timmons, and a contingent remainder in fee in Elmo S. Giles, Jr.

Plaintiffs contend, however, relying principally upon *Golladay v. Knock* (1908), 235 Ill. 412, that both Elmo S. Giles, Sr., and Elmo S. Giles, Jr., were required to survive Leta Timmons. Defendant contends, relying principally upon *Hofing v. Willis* (1964), 31 Ill. 2d 365, that in the absence of an intent to the contrary, there is no implied condition of survivorship. We find the reasoning of *Golladay* to be in conflict with that of *Hofing*, that *Hofing* is the more recent pronouncement of the court, and that *Hofing* offers the preferred analysis of the issue presented.

In *Hofing*, this court considered the question of whether a gift to a class, contingent upon an event unrelated to survivorship, is also contingent upon survivorship. The court considered various precedents, particularly *Drury v. Drury* (1915), 271 Ill. 336, and other cases purporting to follow it, and the court disapproved of those cases "insofar as they announce as a mechanical and universal rule of construction that a class gift of a future interest which is contingent on an event other than survivorship is also contingent on survivorship." (*Hofing v. Willis* (1964), 31 Ill. 2d 365, 373.) The court recognized that this rule of construction had been vigorously condemned (see Kales, Future Interests 302-05 (2d ed. 1920); Carey & Schuyler, Illinois Law of Future Interests 341-45 (1941); Simes & Smith, The Law of Future Interests 113-14, 116-17 (2d ed. 1956); Halbach, *Future Interests: Express and Implied Conditions of Survival Part I & II*, 49 Cal. L. Rev. 297, 431 (1961); Bergin & Haskell, Preface to Estates in Land and Future Interests 125-37 (1966)), and it noted that there were no policy considerations which favored retention of the rule. (*Hofing v. Willis* (1964), 31 Ill. 2d 365, 373.) The court ascertained the grantor's intent and determined that the language of the deed there

in question indicated an intent to grant a fee simple estate, that the interests intended should be considered of an inheritable quality, and that the interests created were therefore not contingent upon survivorship of the remaindermen. (*Hofing v. Willis* (1964), 31 Ill. 2d 365, 375.) In sum, the effect of *Hofing* is to eliminate the implied condition of survivorship as enunciated in our prior cases where the intent of the transferor is to transfer an interest in fee simple.

In the present case, the operation of the entailment statute, independent of the intent of the testator, transfers an interest in fee, and, as previously noted, the purpose of this statute is to destroy the reversion in the grantor. In light of the purpose of this provision, and the transfer of a fee by its operation, we believe that the devise falls within the rule of *Hofing*, and we are unwilling to imply a condition of survivorship in Elmo S. Giles, Jr. Plaintiffs' contention that Elmo S. Giles, Sr., must survive Leta Timmons is likewise without merit. To hold otherwise would defeat the policy against destruction of remainders. The failure of this estate will not destroy the contingent interest in Elmo S. Giles, Jr. (*Spicer v. Moss* (1951), 409 Ill. 343, 359.) Plaintiffs do not argue, nor do we find, any expressed intent of the testator which would require survival of Elmo S. Giles, Jr.

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Judgment affirmed.*