CITY BANK AND TRUST COMPANY IN DIXON, Trustee, Plaintiff-Appellee, *v.* JOE MORRISSEY, Ex'r of the Will of William Tyne, *et al.*, Defendants-Appellees—(Margaret Henry *et al.*, Defendants-Appellants).

Second District No. 82—934

Opinion filed October 7, 1983.—Rehearing denied November 7, 1983.

Warren H. Badger and David W. Badger, both of Badger & Badger, of Dixon, and Reese, Reese & Bagley, of Rockford, for appellants.

Charles T. Beckman, of Keller, Magdich & Beckman, of Dixon, for appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, City Bank and Trust Company, as trustee of the Margaret Tyne Trust (Trust), brought this action seeking instructions as to the proper disposition of the assets remaining in the Trust following the death of the life beneficiary, William Tyne. The circuit court found the Rule in Shelley's Case applicable to the provisions of the Trust and ordered the real assets of the Trust distributed to appellees, Julia Appleman, Jane Morrissey, JoAnn Hademan, William Morrissey, Pat Donaldson and Kathleen Muldoon, as the residuary legatees under William Tyne's will. The personal assets of the Trust were ordered distributed to the appellees and the appellants, Margaret Henry, Edward Tyne, Patricia Tyne and Margaret Tyne (nonbeneficiaries of William Tyne's will), as the heirs at law of William Tyne. Appellants contend that the trial court erred in applying the Rule in Shelley's Case and that the realty of the trust should have been distributed in the same manner as the personalty.

The parties submitted this cause to the circuit court upon an agreed statement of facts. The record reflects that on January 2, 1952, Margaret Tyne died leaving a last will and testament which was admitted to probate on February 14, 1952. The will established the Trust pursuant to its fifth paragraph which provides:

"FIFTH: I GIVE, DEVISE, and BEQUEATH all the rest, residue and remainder of my property now owned by me or hereafter acquired, whether the same be real, personal, or mixed, or wherever situated, one-third part thereof to my son Thomas Tyne, one-third part thereof to my daughter Frances Tyne, and

the remaining one-third I GIVE, DEVISE, and BEQUEATH to my daughter Margaret Henry, in the trust for the following uses and purposes to wit:

To lease, manage, control, sell, or operate all real estate; to collect the income from all property of any kind or nature whatsoever; to pay all taxes and assessments levied thereon; to sell and invest the proceeds in another real estate or appropriate securities; to become a party to the agreements for operating all real estate which may be of the nature of an undivided interest with the co-owners; to bring all suits and actions necessary to preserve and protect said property; to distribute the net income to my son, William Tyne, at least quarterly or more often as my trustee shall deem best, and to retain such part thereof as may be necessary to preserve and protect said estate.

Said trustee shall have the right to encroach on principal and expend the same for the purpose of the welfare, health, and maintenance of the said William Tyne and I further DIRECT that the income from said trust and the principal thereof shall be payable to the persons entitled thereto only upon their own individual receipt and shall not be subject to assignment, transfer, or any legal process of any kind or nature. *I further DIRECT that upon the death of the beneficiary, William Tyne, that all the assets of the trust be converted into cash or distributed in kind to the heirs at law of the said William Tyne who survive him.''* (Emphasis added.)

In 1974, Margaret Henry resigned as trustee of the Trust and was succeeded by the plaintiff, City Bank and Trust Company.

On November 13, 1980, the life beneficiary of the Trust, William Tyne, died testate and appellees were the residuary legatees of his will; however, William Tyne's heirs at law included both the appellants and appellees. As a result, plaintiff brought this action seeking instructions as to the distribution of the assets of the Trust.

The trial court found that the fifth paragraph of Margaret Tyne's will which created the Trust invoked the application of the Rule in Shelley's Case. Thus, at the time the Trust was created in 1952, William Tyne received an equitable fee simple interest in the realty of the Trust and its proceeds; this interest was fully alienable by William Tyne pursuant to the provisions of his will. Conversely, since the Rule does not apply to personalty, William Tyne received only a life estate in those assets which upon his death passed to his heirs at law pursuant to the fifth paragraph of Margaret Tyne's will. Accordingly, the

court ordered plaintiff to distribute the realty and its proceeds to appellees as legatees under William Tyne's will and the personalty was ordered distributed to appellees and appellants as the heirs at law of William Tyne. The sole issue on appeal is whether the Rule in Shelley's Case applies to the fifth paragraph of Margaret Tyne's will which created the Trust.

 Initially, we note that although the Rule was abolished by statute in 1953 (Ill. Rev. Stat. 1981, ch. 30, par. 186), the statute has no retroactive application and the rule must be given effect to instruments executed and delivered prior to the enactment of the statute. (Ill. Rev. Stat. 1981, ch. 30, par. 187; *Arnold v. Baker* (1962), 26 Ill. 2d 131, 134, 185 N.E.2d 844, 846; *Orme v. Northern Trust Co.* (1962), 25 Ill. 2d 151, 160, 183 N.E.2d 505, 510; see also *Evans v. Giles* (1980), 83 Ill. 2d 448, 415 N.E.2d 354.) The Rule in Shelley's Case provides that if an estate of freehold is granted by any instrument and the remainder is limited by the same instrument, either mediately or immediately, to the heir or heirs of the body of the person taking the freehold as a class, without explanation, the person taking the freehold also takes the remainder, thus vesting him with a fee simple interest. (*Churchill v. Marr* (1921), 300 Ill. 302, 308, 133 N.E. 335, 337; *Seymour v. Heubaum* (1965), 65 Ill. App. 2d 89, 95-96, 211 N.E.2d 897, 900, *appeal denied* (1966), 33 Ill. 2d 627.) There are three requisites for the application of the Rule: (1) a freehold estate must be granted to the ancestor; (2) a remainder must be limited to his heirs, general or special; and (3) the two estates, freehold and remainder, must both be of the same quality, either legal or equitable. (*Sutliff v. Aydelott* (1940), 373 Ill. 633, 636, 27 N.E.2d 529, 531; *Seymour v. Heubaum* (1965), 65 Ill. App. 2d 89, 95-96, 211 N.E.2d 897, 900, *appeal denied* (1966), 33 Ill. 2d 627.) The Rule has been applied to the equitable interests in trusts (*Sutliff v. Aydelott* (1940), 373 Ill. 633, 636, 27 N.E.2d 529, 531; *Wilson v. Harrold* (1919), 288 Ill. 388, 393-94, 123 N.E. 563, 565); however, it does not apply to trusts insofar as the trust contains personal property. *Sutliff v. Aydelott* (1940), 373 Ill. 633, 638, 27 N.E.2d 529, 532; *Lord v. Comstock* (1909), 240 Ill. 492, 505, 88 N.E. 1012, 1018.

 The Rule in Shelley's Case is a rule of law and not of construction. (*Lord v. Comstock* (1909), 240 Ill. 492, 499, 88 N.E. 1012, 1015; *McFall v. Kirkpatrick* (1908), 236 Ill. 281, 296, 86 N.E. 139, 143; Restatement of Property sec. 312, comment *k*, at 1759 (1940, 1982 Supp.).) Thus, if the requirements for the application of the Rule are present, the Rule will be applied regardless of the intent of the grantor. (*Cahill v. Cahill* (1949), 402 Ill. 416, 421, 84 N.E.2d 380, 384;

*Lord v. Comstock* (1909), 240 Ill. 492, 499, 88 N.E. 1012, 1015.) When applied the Rule operates on the remainder alone, taking it from the heirs and vesting it in the ancestor, thus giving the ancestor, through the doctrine of merger, a fee simple interest. *Lydick v. Tate* (1942), 380 Ill. 616, 623, 44 N.E.2d 583, 589; *Seymour v. Heubaum* (1965), 65 Ill. App. 2d 89, 96-97, 211 N.E.2d 897, 900-01, *appeal denied* (1966), 33 Ill. 2d 627.

■ When the foregoing authority is applied to the instrument before us, it is clear that the trial court correctly applied the Rule in Shelley's Case. The appellants do not contest that the first two elements necessary for the application of the Rule are present in the instant case, *i.e.*, that William Tyne received a freehold estate and that the remainder was to his heirs at law. No contrary conclusion is possible since the word "heirs" is a technical word which is presumed to have been used in its strict legal sense absent clear and affirmative language to the contrary. (*Lydick v. Tate* (1942), 380 Ill. 616, 625, 44 N.E.2d 583, 589; *Seymour v. Heubaum* (1965), 65 Ill. App. 2d 89, 97, 211 N.E.2d 897, 901, *appeal denied* (1966), 33 Ill. 2d 627.) Since no such language is used in the Margaret Tyne will, the first two elements for the application of the Rule are satisfied.

Appellants contend, however, that the third element necessary for the application of the Rule in Shelley's Case is missing since the estate conveyed to William Tyne and the estate conveyed to his heirs are not of the same quality. Initially, appellants contend that the interest of William Tyne was in realty whereas the heirs' interests was in personalty. They assert that the portion of the will which states that upon the death of William Tyne, the assets of the Trust are to be "converted into cash or distributed in kind" creates an equitable conversion of the realty in the Trust, thus making their interest in personalty rather than realty. Since William Tyne's interest is in realty, they contend the estates are not of equal quality and the Rule does not apply.

■ While a direction to convert land into cash may result in an equitable conversion, that direction must be clear and mandatory; if the trustee is given any option, choice or discretion as to whether the property is sold, then an equitable conversion does not occur because there is no duty to sell. (*Rehbein v. Norene* (1954), 2 Ill. 2d 363, 370, 118 N.E.2d 287, 291-92; *Young v. Sinsabaugh* (1930), 342 Ill. 82, 86, 173 N.E. 784, 786; *In re Estate of Achilli* (1979), 71 Ill. App. 3d 473, 476, 389 N.E.2d 644, 646.) In the instant case, a plain reading of the will reveals that the trustee has complete discretion to either distribute the assets in kind or convert them into cash. Accordingly, no equi-

table conversion occurs and the two estates, freehold and remainder, are of equal quality as interests in realty.

In the alternative, appellants contend that the two estates are not equal in that William Tyne had an equitable interest in the realty whereas the heirs' interest was legal. They argue that title to the real property vested in the heirs immediately upon the death of William Tyne since the Trustee's legal title ended upon the death of William Tyne and the immediate vesting makes their interest legal, not equitable.

■■ ■ Under the terms of a will, the trustee will take whatever legal estate is necessary for him to carry out the purpose of the trust and his duties thereunder and a devise to a trustee which grants the power to sell, convey, rent or mortgage necessarily vests the fee in the trustee. (*Lord v. Comstock* (1909), 240 Ill. 492, 502, 88 N.E. 1012, 1016; *Seymour v. Heubaum* (1965), 65 Ill. App. 2d 89, 98-99, 211 N.E.2d 897, 901-02, *appeal denied* (1966), 33 Ill. 2d 627.) If the trustee is vested with fee simple title in the residuary, the life estate in the ancestor and the remainder in the heirs are both equitable since the duties of the trustee would not be completed until after a conveyance is made to the heirs upon the death of the ancestor, thus there can be no legal vested remainder in the heirs. (*Lord v. Comstock* (1909), 240 Ill. 492, 503, 88 N.E. 1012, 1016; *Seymour v. Heubaum* (1965), 65 Ill. App. 2d 89, 101-02, 211 N.E.2d 897, 901-02, *appeal denied* (1966), 33 Ill. 2d 627.) In the case at bar, it is apparent that the will gave the trustee power to convey, manage and sell, which powers lasted after the life of William Tyne. As such, the heirs' interest in the Trust was equitable as was that of the life tenant.

■■ As a result of the foregoing, all three of the elements necessary for the application of the Rule are present and once the Rule is applied it does not matter that the quality or nature of one of the estates is altered at a later date. (*Seymour v. Heubaum* (1965), 65 Ill. App. 2d 89, 103-04, 211 N.E.2d 897, 904, *appeal denied* (1966), 33 Ill. 2d 627; Restatement of Property sec. 312, comment *h*, at 1756 (1940, 1982 Supp.).) Thus, William Tyne received a fee simple interest in the realty of the Trust at the time of its original conveyance and that interest continued even though the realty may later have been converted into personalty. Accordingly, the trial court was correct in applying the Rule to the realty of the Trust and its proceeds and distributing them to the appellees as legatees of William Tyne's will. The court was also correct in not applying the Rule to the personalty which was ordered distributed to the appellants and appellees as William Tyne's heirs at law.

For the foregoing reasons the judgment of the circuit court of Lee County is affirmed.

Affirmed.

SEIDENFELD, P.J., and VAN DEUSEN, J., concur.