**In re ST. JOSEPH'S HOSPITAL,**
**Debtor.**

**MARINE BANK OF SPRINGFIELD,**
**Plaintiff,**

**v.**

**ST. JOSEPH'S HOSPITAL, and Steven**
**N. Mottaz, Trustee, Defendants.**

**Bankruptcy No. BK 89–50583.**

United States Bankruptcy Court,
S.D. Illinois.

Nov. 14, 1991.

John L. Schwartz, Springfield, Ill., for plaintiff.

Douglas Hambleton, Chicago, Ill., Emmett Fitzgerald, Alton, Ill., for debtor, defendant.

Steven N. Mottaz, Alton, Ill., trustee.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

At issue in this case is whether the debtor's interest under a testamentary trust, which contains a "spendthrift" provision shielding the debtor's beneficial interest from the claims of creditors and restricting alienation, constitutes property of the debtor's bankruptcy estate under 11 U.S.C. § 541. Marine Bank of Springfield, trustee of the testamentary trust, has filed a motion for relief from stay, arguing that the beneficial interest of the debtor, St. Joseph's Hospital, is excluded from property of the estate under § 541(c)(2), which excepts a debtor's interest that is subject to a valid spendthrift trust.[1]

---

**1.** This subsection provides, with regard to property of the estate:

Steven Mottaz, trustee of the debtor's bankruptcy estate, opposes the Bank's motion on grounds that the spendthrift trust provision is unenforceable against the debtor. Mottaz argues that spendthrift provisions are inapplicable to corporate beneficiaries such as the debtor. He further asserts that the debtor took its interest, not under the testator's will, but under a family settlement agreement signed by the trust beneficiaries, which renders the spendthrift provision invalid as having been created by the beneficiaries themselves. Mottaz contends, therefore, that the debtor's beneficial interest under the trust is property of the debtor's bankruptcy estate and that the Bank's motion for relief from stay should be denied.

The debtor, St. Joseph's Hospital, is a not-for-profit corporation organized pursuant to Illinois statute. *See* Ill.Rev.Stat., ch. 32, ¶ 101.01 *et seq.*[2] While the debtor still exists as a corporate entity and has not been dissolved, it has ceased operations as a hospital. On September 29, 1989, the debtor filed a Chapter 7 petition for relief under the Bankruptcy Code.

The facts concerning creation of the debtor's interest in the testamentary trust are undisputed. On April 11, 1960, the testator, William Millen Duncan, died, leaving a will which was duly admitted to probate on June 1, 1960. Clause 22 of the will created a trust of the testator's residuary estate. The trust property was to be divided into two equal parts and administered for the benefit of two separate groups of beneficiaries. Clause 22 named the debtor as a beneficiary of Part I of the trust and provided for distribution of the trust income as follows:

Part I shall be held in trust and the income therefrom paid to the following persons in the proportion to be derived from one-half of the property included in said general residuary trust:

⅛ to Elizabeth Duncan McCuistion, my niece

⅛ to John Duncan, Jr., my nephew

⅛ to James McNeil Duncan, my nephew

⅛ to Sarah Duncan Rodgers, my niece

⅛ to Alton Memorial Hospital, Alton, Illinois

⅛ to St. Joseph's Hospital, Alton, Illinois

⅛ to St. Anthony's Infirmary, Alton, Illinois

1/16 to First Presbyterian Church, Alton, Illinois, as a memorial to my family

1/32 to Salvation Army, Alton, Illinois

1/32 to Alton City Cemetery, for upkeep

Clause 22 further provided that upon the death of any of the individuals named as beneficiaries in Part I, the portion of income that would have been paid him or her be equally divided among the heirs of the deceased beneficiary. Finally, Clause 22 contained the following spendthrift provision:

Neither the principal nor the income of any trust estate herein created shall be liable for the debts of any beneficiary thereof, nor shall the same be subject to seizure by any creditor of any beneficiary under any writ or proceeding at law or in equity, and no beneficiary shall have any power to sell, assign, transfer, encumber or in any other manner dispose of any interest in said trust estate.

Clause 23 of the will provided for termination of the trust at the expiration of twenty years after the death of each of the personal beneficiaries, "at which time the property held by the trustees ... shall be divided in accordance with the interest of each as set out in said trust, and shall be paid or transferred in kind *to the beneficiaries....*" (Emphasis added.) In a codicil to the will, the testator attempted to clarify Clause 23 concerning distribution of trust property upon termination, stating that property held by the trustees would be paid or transferred *"to the heirs of each* [of the beneficiaries]...." (Emphasis added.)

---

(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title. 11 U.S.C. § 541(c)(2).

**2.** The Illinois Not For Profit Corporation Act was formerly found in Ill.Rev.Stat., ch. 32, ¶ 163a *et seq.*, effective July 17, 1943. The present Act became effective January 1, 1987.

Following admission of the will to probate, a lawsuit was filed seeking construction of the will and its codicils. In order to settle the litigation, the trust beneficiaries entered into a family settlement agreement. The purpose of the agreement was to determine when the trust would terminate and the interests to be taken by the trust beneficiaries under the will. The parties specifically stated that they wished to resolve these uncertainties in a way "consonant with the true intent of William Millen Duncan" without expensive and time-consuming litigation. The agreement further provided that each party "hereby releases any ... right he and ... persons claiming ... under him might have by virtue of the [will and codicils] to share in the residuary trust property ..., except as provided for by this Agreement...."

The family settlement agreement set forth that the residue of the Duncan estate would be held in two separate trusts, designated as the William Millen Duncan Trust No. 1 and the William Millen Duncan Trust No. 2, and specified that the trusts would terminate twenty years after the death of the named individual beneficiaries. The agreement provided that the income from Trust No. 1 would be divided among ten beneficiaries, including the debtor, as set forth in Clause 22 of the will and in the proportions there stated. The agreement further provided that after the death of the individual beneficiaries, the principal would be distributed to the heirs of the personal beneficiaries and to the institutions in the same proportions as the income was distributed. Finally, the agreement contained a spendthrift provision as found in the testator's will:

4. Neither the principal nor the income from either of the two trusts set forth herein shall be liable for the debts of any beneficiary hereof, nor shall the same be subject to seizure by any creditor of any beneficiary under any writ, or proceeding at law or in equity, and no beneficiary shall have any power to sell, assign, transfer, encumber or in any other manner dispose of any interest in said trust estate until said interest shall be delivered to him.

On July 13, 1971, an order was entered in state court approving the settlement agreement as executed by the trust beneficiaries. The court found that

a sufficient doubt exists as to the proper construction of Articles Twenty–Second and Twenty–Third of the Will of William Millen Duncan in respect to the date of the trust termination, who the heirs are of the personal beneficiaries, whether the interest of the heirs is contingent upon surviving the date of the trust termination or vested upon the death of the personal beneficiaries, and whether or not the income from the second part of the trust should be distributed during the period after the death of the personal beneficiaries to the date of trust termination, all of which warrants the parties taking thereunder to enter into a Family Settlement Agreement. *Said Family Settlement Agreement does not alter the provisions of the Will.*

(Emphasis added.) The court further found that the "rights of any and all parties to take under the Twenty–Second ... and the Twenty–Third clause of the decedent's Last Will are as set forth in the Family Settlement Agreement." The court directed that the provisions of the family settlement agreement be carried out by the Marine Bank of Springfield, as trustee, under the supervision of the court and specifically retained jurisdiction of the cause for purposes of such supervision.

■ Following the debtor's bankruptcy, the Bank filed the instant motion for relief from stay so that it might obtain direction in state court under the doctrine of *cy pres* concerning the proper disposition of the debtor's interest in the trust now that the debtor is no longer operated as a charitable institution.[3] The Bank argues that such

---

3. Under Illinois law, the equitable doctrine of *cy pres* applies when a settlor's charitable purpose becomes impossible, impractical, or otherwise incapable of being fulfilled. Rather than allow the trust to fail, the court will direct the application of trust property to some charitable purpose which falls within the general charitable intention of the settlor. *See Riverton Area Fire*

relief is warranted because the debtor's interest is subject to a valid spendthrift provision restricting transfer and is thus excluded from property of the debtor's bankruptcy estate. 11 U.S.C. § 541(c)(2).

The trustee in bankruptcy counters that the spendthrift limitations of the testator's will are ineffective to exclude the debtor's interest from property of the estate because a corporation cannot be the beneficiary of a traditional spendthrift trust. The trustee points out that spendthrift trusts are normally created with the view of providing a fund for the maintenance and support of another and, at the same time, securing the fund against the beneficiary's own improvidence or incapacity for self-protection. *Wagner v. Wagner*, 244 Ill. 101, 111, 91 N.E. 66, 69 (1910); *Von Kesler v. Scully*, 267 Ill.App. 495, 503 (1937). As such, spendthrift provisions are intended to benefit someone for whom the settlor of the trust has a special relationship or affinity. The trustee argues that a settlor would not have the same affection for a corporation and that, if the testator here had wished to put a restriction on his gift to the debtor, he could simply have included a restriction for a particular purpose along with a reverter or forfeiture clause.

 The parties cite no authority, and the Court has found none, that specifically addresses whether a bequest to a not-for-profit corporation such as the debtor can be subject to spendthrift trust provisions restricting alienation and shielding the beneficial interest from creditors. Illinois courts have long recognized the validity of spendthrift limitations and have enforced them on the theory that a donor may dispose of his property as he sees fit, with the right to choose the object of his bounty and protect the gift from creditors of the donee. *See Von Kesler v. Scully*, at 503–505.

While spendthrift trusts are most generally created in favor of family members or other individuals for whom the settlor feels solicitude, it is not necessary that the beneficiary be denominated a "spendthrift" in the will or trust document or even that the beneficiary have a particular relationship to the settlor. *Wagner v. Wagner*, 244 Ill. at 111, 91 N.E. at 70. The enforceability of spendthrift limitations derives, not from the character or identity of the beneficiary, but, rather, from the settlor's ability to condition his gift and postpone enjoyment or possession of the gift. *Wagner*, 244 Ill. at 111, 114, 91 N.E. at 70–71.

 As a corporation organized under the Illinois Not For Profit Corporation Act, the debtor here has the capacity to hold property and to be the beneficiary of the trust created by the testator. *See* Ill.Rev. Stat., ch. 32, ¶ 103.10(d) (1989). Spendthrift provisions in the trust which prevent the debtor or its creditors from obtaining the present benefit of trust income and principal to be paid in the future should not be invalidated merely on the basis of the debtor's identity or status as a corporation. Rather, it is the policy of Illinois courts to give effect to a testator's intent where possible, and if it appears from a consideration of the will that the testator intended to place his gift beyond the reach of creditors and restrict alienation of the beneficial interest, this limitation will be enforced to the extent permitted by law. *See Wagner*, 244 Ill. at 111, 114, 91 N.E. at 70–71. The bankruptcy trustee, while noting that spendthrift limitations are normally imposed in the case of individual beneficiaries, has cited no policy or rule of law that would be violated by enforcement of spendthrift provisions involving corporate beneficiaries such as the debtor. Accordingly, the limitation here should be given effect as intended by the testator.[4]

---

*Protection Dist. v. Riverton Volunteer Fire Dept.,* 208 Ill.App.3d 944, 153 Ill.Dec. 165, 566 N.E.2d 1015 (1991).

**4.** The Court finds no merit in the trustee's assertion that the Illinois statute concerning a judgment debtor as beneficiary of a spendthrift trust (Ill.Rev.Stat., ch. 110, ¶ 2–1403) requires that

such beneficiary be an individual and not a corporation. Section 2–1403 provides in pertinent part:

No court ... shall order the satisfaction of a judgment out of any property held in trust for the judgment debtor if such trust has, in good faith, been created by, or the fund so held in

 The use of spendthrift provisions to restrict the testator's gift to the debtor, while unusual due to the debtor's status as a corporation, may be analogized to the common practice of limiting gifts to charitable corporations generally. A gift to an incorporated institution founded and conducted as a charity is presumed to be for a charitable purpose without its being expressly so stated. *Dickenson v. City of Anna*, 310 Ill. 222, 231, 141 N.E. 754, 757 (1923). Since the object of such gifts is to sustain the charitable or religious institution and perpetuate its charitable work, it is the very nature of contributions to charitable corporations to restrict alienation of the donated property and withdraw it from circulation. *St. Joseph's Hospital v. Bennett*, 281 N.Y. 115, 119, 22 N.E.2d 305, 307 (1939); *see Dickenson v. City of Anna*, 310 Ill. at 230–31, 141 N.E. at 757. Indeed, gifts to charities constitute an exception to rules against restraint of alienation, including the common law rule against perpetuities.[5] *Id.*

The testator in *Dickenson v. City of Anna*, like the testator here, devised property to a charitable institution with a provision that the property was not to be alienated or encumbered in any way. The court found these restrictions against alienation and encumbrances to be valid and upheld them as consonant with established principles of law. *Dickenson*, 310 Ill. at 230, 141 N.E. at 757. Likewise, in *Stubblefield v. Peoples Bank of Bloomington*, 406 Ill. 374, 94 N.E.2d 127 (1950), the Illinois supreme court upheld a gift to a charitable corporation under a trust which restricted alienation and limited the extent to which trust income could be used for other than charitable purposes.

 By analogy to the *Dickenson* and *Stubblefield* cases, the testator's charitable gift to the debtor corporation should be sustained despite the restriction against alienation and encumbrances imposed by reason of the spendthrift clause of the will. The testator in the present case, rather than specifying that trust income was to be used for charitable purposes or providing for forfeiture or reversion if funds were not so used, effectively limited the extent to which his gift could be dissipated by creditors' claims by the inclusion of spendthrift language restricting access to future income and principal of the trust.[6] Because of the debtor's status as a charitable corporation, the testator's gift is presumed to be for a charitable purpose, and the spendthrift provision restricting alienation and encumbrances should be upheld as tantamount to the restrictions on gifts for a charitable purpose found in *Dickenson* and *Stubblefield*.

 The bankruptcy trustee asserts that the statutory provisions governing dissolution of not for profit corporations should apply here to require the payment of all claims against the debtor through distribution of the debtor's assets, thus vitiating the spendthrift provision of the testator's will. The trustee's argument is flawed, however, as it presumes the matter in issue. While assets of a not for profit corpo-

---

trust has proceeded from, *a person other than the judgment debtor.*
(Emphasis added). Section 2–1403 codifies the common law requirement that a spendthrift trust not be self-settled and is concerned with who may be the settlor of the trust, not with who is a proper beneficiary. The construction urged by the trustee—that "person other than the judgment debtor" means a beneficiary must be a natural person—reads too much into the statute and must be rejected.

5. In the case of private trusts that are not for a charitable purpose, the rule against perpetuities applies to limit the period during which vesting of property interests may be postponed (21 years plus lives in being). *See* Ill.Rev.Stat., ch. 30, ¶ 195; 29 Ill.L. & Prac., *Perpetuities*, § 13 (1957). The rule against perpetuities, like rules of law avoiding restraints on alienation generally, is concerned with preserving the fluidity of property. 29 Ill.L. & Prac., *Perpetuities*, § 3, at 547.

6. The Court notes that trust income, once distributed to the debtor beneficiary under the terms of the trust, could be used for any purpose including the payment of debts. Spendthrift trust provisions affect only the beneficiary's right to obtain trust benefits in the future, and trust payments already received by the beneficiary may be transferred to creditors or seized for the collection of creditors' claims. *See* G. Bogert, *Trusts and Trustees*, § 221, at 375 (1979).

ration are to be distributed for the payment of debts upon dissolution (*see* Ill.Rev.Stat., ch. 32, ¶¶ 112.05, 112.16), the debtor's interest in future trust income and principal is not an asset of the corporation to be distributed to creditors if the spendthrift provision precludes the debtor's access to it. The dissolution provisions cited by the trustee, even if applicable, have no relevance to what constitutes an asset of the debtor corporation and do not affect the validity of the spendthrift limitations imposed in the testator's will.

■ The Court, finding no prohibition against enforcement of spendthrift trust limitations regarding a gift to a not for profit corporation, rejects the first prong of the trustee's argument that the spendthrift clause is invalid due to the debtor's status as a corporation. The trustee argues further that the spendthrift trust is invalid as having been self-settled because the debtor's rights derive not from the testator's will but from the family settlement agreement which was signed by the debtor as beneficiary. The trustee asserts that the family settlement agreement superseded the will and that inclusion of a spendthrift provision in the trust created by the beneficiaries renders the spendthrift trust limitation void.

The Illinois supreme court in *Altemeier v. Harris*, 403 Ill. 345, 86 N.E.2d 229 (1949), recognized the family settlement doctrine allowing settlement of disputes under a will in order to avoid costly and time-consuming litigation among family members. The court stated, however, that the object and purpose of a trust created by the will must be accomplished by such agreement and that a spendthrift trust contained in the testator's will could not be destroyed or terminated by the unanimous consent of the beneficiaries. The settlement agreement in *Altemeier* completely abrogated a spendthrift clause for the support of the testator's grandchildren. The court, while ultimately deciding the case on other grounds, found that the trial court should not have approved a settlement agreement that eliminated the spendthrift trust limitation imposed by the testator.

*See also Breault v. Feigenholtz*, 358 F.2d 39 (7th Cir.1966): family settlement agreement cannot dissolve spendthrift clause in a will.

In the present case, the settlement agreement contains a spendthrift provision that is virtually identical to that in the testator's will. It is apparent from *Altemeier* and cases following its rationale that it was necessary to include such a clause in the settlement agreement in order to comply with the requirements for court approval of the agreement. *Cf. Thorne v. Continental National Bank & Trust Co.*, 18 Ill.App.2d 163, 151 N.E.2d 398 (1958): family settlement agreement approved in which spendthrift clauses of will remained intact. The beneficiaries of the trust here entered into the family settlement agreement in order to resolve disputes concerning when the trust was to terminate and how the trust principal should be distributed upon termination. The beneficiaries made no attempt to alter the spendthrift provision of the will but merely reiterated the limitations which the testator himself had placed on his gift.

This case is unlike *Southwest National Bank v. Sowers*, 1 Kan.App.2d 675, 574 P.2d 224 (1977), in which the court found a spendthrift provision in a family settlement agreement to be unenforceable as having been created by the beneficiaries where the testator's will evidenced no intent to place spendthrift limitations on his gift. In *Sowers*, one of the testator's sons, who was a beneficiary of the testamentary trust, assigned his interest in his father's estate to various creditors. Subsequently, a will construction suit was filed, and the parties entered into a family settlement agreement terminating the litigation. The settlement agreement, unlike the testator's will, contained a spendthrift trust provision precluding the beneficiaries from anticipating or disposing of any interest under the trust.

The *Sowers* court, upon appeal, invalidated the spendthrift trust provision and upheld the son's assignment of his beneficial interest to creditors. The court observed that the will "contained no language indicating or suggesting that the beneficiaries of the trust could not alienate their shares or that their shares were not subject to the claims of their creditors." *Sowers*, 574

P.2d at 228. Since the testator had evidenced no intent to create a spendthrift trust, the beneficiaries were precluded from themselves imposing limits to shield their interest from creditors.

In this case, both the gift to the beneficiaries and the limitations on this gift were created by the testator. The family settlement agreement, rather than eliminating the spendthrift clause of the will, gave full effect to the testator's intent by including this provision in the family settlement agreement. To argue, as the trustee does, that the settlement agreement negated the spendthrift trust provision of the will and substituted a new spendthrift provision is to elevate form over substance and ignore the effect of the agreement as implementing the provisions of the will.

The trustee points out that the state court, in approving the settlement agreement, specified that the rights of parties taking under the will were as set forth in the agreement. However, the beneficiaries did not, by virtue of the settlement agreement, set aside the will and create new rights for themselves. Rather, the court explicitly stated that the family settlement agreement "does not alter the provisions of the will." The will itself imposed the spendthrift limitation on the testator's gift, and the settlement agreement merely restated this limitation in order to give effect to the testator's intent.

For the reasons stated, the Court finds that the spendthrift clause shielding the debtor's interest in the testamentary trust from creditors is valid and must be given effect in the debtor's bankruptcy proceeding. The debtor's beneficial interest in the trust is excluded from property of the estate pursuant to § 541(c)(2), and the Bank may file whatever proceedings it deems necessary in state court without regard to the automatic stay of § 362. The Court, accordingly, dismisses the Bank's motion for relief from stay as moot and likewise overrules the bankruptcy trustee's objection to this motion as moot.